# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL,<br><br>                  Plaintiff,<br><br>   v.<br><br>MEYER KOMAR; JEANETTE KOMAR; and SARAH KOMAR,<br><br>                  Defendants. | **Case No. 1:19-cv-00708-DAD-EPG**<br><br>**ORDER TO SHOW CAUSE FOR FAILURE TO APPEAR** |

On May 5, 2019, Plaintiff, Project Sentinel, filed this action against Defendants, Meyer Komar, Jeanette Komar, and Sarah Komar. (ECF No. 1.) In the Order Setting Mandatory Scheduling Conference, entered on May 21, 2019, the Court set an initial scheduling conference for September 10, 2019, at 10:00 a.m. (ECF No. 3-1.) The parties were instructed that attendance at the scheduling conference was mandatory. (*Id.* at 2 ("Attendance at the Scheduling Conference is ***mandatory*** for all parties. Parties may appear by their counsel, if represented. If a party is not represented by counsel, they must appear personally at the Scheduling Conference.").) The parties were also advised: "Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference . . . contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered." (*Id.* at 7.) The parties were also provided instructions on how to attend the scheduling conference. (*Id.* at 1, 2.)

On July 2, 2019, summons for Defendants were returned executed. (ECF Nos. 4, 5, 6.)

The return of service for Meyer demonstrates that he was personally served with the summons, complaint, and the Court's Order Setting Mandatory Scheduling Conference. (ECF No. 4.) The returns of service for Jeanette and Sarah demonstrate that they were served through substitute service and specifically through the process server leaving the summons, complaint, and the Court's Order Setting Mandatory Scheduling Conference, at their dwelling house or usual place of bode with Meyer Komar, a person of suitable age and discretion then residing therein. (ECF Nos. 5, 6.) Based on the information contained in the returns of service, Defendants have been properly served with the summons, complaint, and the Court's Order Setting Mandatory Scheduling Conference. *See* Fed. R. Civ. P. 4(e)(2)(A) (An individual may be served "by delivering the summons and complaint to the individual personally"); Fed. R. Civ. P. 4(e)(2)(B) (An individual may be served by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.").

On May 8, 2019, Meyer filed an answer on his own behalf, and is proceeding *pro se*. (ECF No. 8.) Neither Jeanette nor Sarah have filed an answer or other responsive pleading or otherwise entered an appearance in this matter.

On September 3, 2019, Plaintiff filed a Scheduling Report. (ECF No. 10.) Plaintiff represents in this Scheduling Report that its counsel has been in touch with Meyer and received preliminary input from him, which Plaintiff included in the Scheduling Report. (ECF No. 10.) The input provided by Meyer includes a statement in which Meyer indicates that he would be representing himself as well as "the Komar family exclusively."[1] (*Id.* at 2, 3-4.) Plaintiff indicates that after this initial exchange with Meyer, Plaintiff's counsel made subsequent attempts to contact Meyer but that such attempts have been unsuccessful. (*Id.*)

The Court held the initial scheduling conference in this case on September 10, 2019, at 10:00 a.m. Plaintiff appeared telephonically through its counsel, Liza Cristol-Deman. Defendants

---

[1] To the extent Meyer is seeking to represent his family members, he cannot do so because a *pro se* litigant has no authority to represent anyone other than themself. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant).

failed to appear for the hearing and did not file a request for a continuance or otherwise notify the Court that they would not be able to appear.

As to the failure of Jeanette Komar and Sarah Komar to appear at the mandatory scheduling conference, the Court notes that neither of these defendants have appeared in this case. The Court will therefore not require them to show cause for failing to appear at the mandatory scheduling conference. The Court notes, however, that Plaintiff has indicated that it intends to seek default against these defendants based on their failure to file an answer or otherwise respond to the complaint.

As to the failure of Meyer Komar to appear at the mandatory scheduling conference, as noted, he was personally served with a copy of the Order Setting Mandatory Scheduling Conference and has entered an appearance in the case. The Court will therefore require him to show cause for failing to appear at the mandatory scheduling conference. Accordingly,

IT IS ORDERED that Meyer Komar show cause why sanctions, up to and including entry of judgment against him, should not be issued for failure to comply with this Court's orders.

No later than **September 27, 2019,** defendant Meyer Komar is ORDERED to file a written response to this Order to Show Cause explaining his failure to appear at the initial scheduling conference on September 10, 2019.

**Defendant is cautioned that failure to respond to this Order as set forth above may result in the imposition of sanctions or a recommendation that judgment be entered against him.**

IT IS SO ORDERED.

Dated: **September 11, 2019**　　　　　/s/ Eric P. Grosj

UNITED STATES MAGISTRATE JUDGE

3