# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL,<br><br>                Plaintiff,<br><br>    v.<br><br>MEYER KOMAR; JEANETTE KOMAR; and SARAH KOMAR,<br><br>                Defendants. | Case No. 1:19-cv-00708-DAD-EPG<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE WHY DEFENDANT MEYER KOMAR FAILED TO APPEAR AT SCHEDULING CONFERENCE**<br><br>**(ECF No. 12)** |

On September 11, 2019, this Court issued an order to show cause requiring Defendant Meyer Komar to show cause for failing to comply with the Court's order requiring all parties to appear at the mandatory scheduling conference. (ECF No. 12.) On September 16, 2019, Mr. Komar filed his response. (ECF No. 13.) As discussed below, the Court finds that Mr. Komar has failed to provide an adequate justification for his failure to appear. Nonetheless, the Court declines to impose sanctions at this time, and discharges the order to show cause, but cautions Mr. Komar that any future violations of the Court's orders, failures to appear at court hearings, or failures to otherwise comply with Court procedures and rules, will be met with less tolerance and could result in the imposition of sanctions.

## I. BACKGROUND

On May 5, 2019, Plaintiff, Project Sentinel, filed this action against Defendants, Meyer Komar, Jeanette Komar, and Sarah Komar. (ECF No. 1.) In the Order Setting Mandatory

1

1 | Scheduling Conference, entered on May 21, 2019, the Court set an initial scheduling conference
2 | for September 10, 2019, at 10:00 a.m. (ECF No. 3-1.) The parties were instructed that attendance
3 | at the scheduling conference was mandatory. (*Id.* at 2 ("Attendance at the Scheduling Conference
4 | is **mandatory** for all parties. Parties may appear by their counsel, if represented. If a party is not
5 | represented by counsel, they must appear personally at the Scheduling Conference.").) The parties
6 | were also advised: "Should counsel or a party appearing *pro se* fail to appear at the Mandatory
7 | Scheduling Conference . . . contempt sanctions, including monetary sanctions, dismissal, default,
8 | or other appropriate judgment, may be imposed and/or ordered." (*Id.* at 7.) The parties were also
9 | provided instructions on how to attend the scheduling conference. (*Id.* at 1, 2.)

On July 2, 2019, summons for Defendants were returned executed. (ECF Nos. 4, 5, 6.) The return of service for Mr. Komar demonstrates that he was personally served with the summons, complaint, and the Court's Order Setting Mandatory Scheduling Conference. (ECF No. 4.) On May 8, 2019, Mr. Komar filed an answer on his own behalf, and is proceeding *pro se*. (ECF No. 8.)

On September 3, 2019, Plaintiff filed a Scheduling Report. (ECF No. 10.) Plaintiff represented in the Scheduling Report that its counsel has been in touch with Mr. Komar and received preliminary input from him, which Plaintiff included in the Scheduling Report. (ECF No. 10.) Plaintiff indicated that after this initial exchange with Mr. Komar, Plaintiff's counsel made subsequent attempts to contact Mr. Komar but that such attempts were unsuccessful. (*Id.*)

The Court held the initial scheduling conference in this case on September 10, 2019, at 10:00 a.m. Plaintiff appeared telephonically through its counsel, Liza Cristol-Deman. Mr. Komar failed to appear for the hearing and did not file a request for a continuance or otherwise notify the Court that he would not be able to appear. The Court therefore issued an order to show cause requiring Mr. Komar to show cause why sanctions, up to and including entry of judgment against him, should not be issued for his failure to comply with the Court's order requiring him to appear at the mandatory scheduling conference. (ECF No. 12.)

On September 16, 2019, Mr. Komar filed a response to the Court's order to show cause. (ECF No. 13.) In this response, Mr. Komar states:

> I have previously informed the Project Sentinal attorney Liza-Cristal in writing that my family & I have NEVER refused to rent to a person of color. We currently have person of color as a tenant in one of our rentals.
>
> Any attempt by Project Sentinal to prove that we are guilty of discrimination has not merit and can not be proven as there is no valid evidence supporting their charges.
>
> I had informed Liza-Cristal in writing that I would not appear at any mediation meeting or conference or answer any future request for information but was prepared to appear and defend my family at trial if Project Sentinal moved the case to that level.
>
> I did not appear at the September 10th, 2019 scheduling conference for the above stated reason that I am innocent of any and all of the Project Sentinal charges and did not wish to be subjected to further harrasment. If project Sentinal plans to move their case against me to trial I will represent and defend my family at that time.

(ECF No. 13.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that the Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of" an action. Fed. R. Civ. P. 1. To effectuate this purpose, the Rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.

Under Federal Rule of Civil Procedure 16(f), when a party fails to appear at a scheduling or other pretrial conference, or fails to comply with a scheduling order or other pretrial order, the Court may impose sanctions, including, among other things, orders "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence"; "striking pleadings in whole or in part"; or entering "default judgment against the disobedient party." Fed. R. Civ. P. 16(f) (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)). The Court also "must order the party . . . to pay the reasonable expenses—including attorney's fees—incurred because of" the failure to appear at a conference or comply with a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(2); *see also* Fed. R. Civ. P. 37(b) (authorizing the imposition of sanctions for failure to participate in and comply with discovery).

The Court also has inherent power to sanction parties or their attorneys for improper

3

conduct, such as the willful disobedience of the Court's orders. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991) (a federal court has inherent power to impose sanctions where the litigant has engaged in "bad faith or willful disobedience of a court's order"); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (federal courts have inherent authority to impose sanctions for "willful disobedience of a court order"); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (a federal court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct"); *see also* Local Rule 110 ("failure of counsel or of a party to comply with these Rules or any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

The determination of the appropriate sanction to impose for a party's failure to comply with a court order or with the federal rules is within the broad discretion of the district court. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) ("The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action [as a sanction]; it is whether the District Court abused its discretion in so doing."); *Transamerica Corp. v. Transamerica Bancgrowth Corp*., 627 F.2d 963, 966 (9th Cir. 1980) (upholding as within the district court's discretion the entry of default judgment against defendant as sanction for failure to comply with court orders); *Anderson v. Air W., Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976) (same).

**III. ANALYSIS**

In his response, Mr. Komar admits that he failed to comply with the Court's order requiring him to appear at the mandatory scheduling conference, and that his only reason for this failure to appear is his proclamation that he is innocent of the claims brought against him and that he told Plaintiff's attorney that he would not appear or participate in this proceeding, except for at a trial. (ECF No. 13.) Mr. Komar's purported innocence of the claims against him does not excuse him from complying with this Court's orders, nor does it excuse Mr. Komar from complying with or being subject to the applicable Federal Rules of Civil Procedure and the Local Rules. Mr. Komar has failed to provide an adequate justification for his failure to appear at the scheduling conference, and to the contrary has admitted that his failure to appear was willful.

Under Federal Rule of Civil Procedure 16(f), Mr. Komar is subject to sanctions for failing to appear at the scheduling conference. *See* Fed. R. Civ. P. 16(f). Further, the Court has the inherent power to sanction Mr. Komar for his willful failure to appear at the scheduling conference in violation of this Court's order.

After considering the particular circumstances at issue here, the Court will enter a scheduling order that is based on the dates proposed by Plaintiff.

After deliberation, the Court declines to impose sanctions against Mr. Komar at this time. Under Federal Rule of Civil Procedure 16(f), the Court is required, with some exceptions that are not applicable here, to impose a sanction of costs and fees incurred as a result of a party's failure to appear at a scheduling conference. However, it appears that Plaintiff would have incurred the same costs and fees whether or not Mr. Komar appeared at the scheduling conference. The Court is scheduling the case base on input from Plaintiff, and that schedule was not delayed due to Defendant's failure to participate in the conference. The case is proceeding in an efficient manner despite Defendant's failure to appear. The Court therefore finds that that a sanction of costs and fees for Mr. Komar's failure to appear is not warranted at this time.

That said, this is a troubling beginning to this case. Mr. Komar has already demonstrated an unwillingness to follow Court orders and abide by his legal obligations in this case. His reasons for failing to do so are without merit.

The Court reminds Mr. Komar of his duty to comply with all Court orders, his duty to appear at all conferences and hearings, and his duty to comply with all applicable federal and local rules. The Court cautions Mr. Komar that while the Court is being flexible about his failure to appear at the scheduling conference in violation of the Court's order, and is declining to impose sanctions on Mr. Komar for this violation, any future violations of Court orders, failures to appear at court hearings or conferences, or failures to comply with the Court's procedures and the federal and local rules, will be met with less tolerance and could result in the imposition of sanctions, including the entry of judgment against Mr. Komar and in favor of Plaintiff.

\\\

\\\

IT IS ORDERED that the Order to Show Cause (ECF No. 12) is DISCHARGED.

IT IS SO ORDERED.

Dated: **October 9, 2019**

/s/ *Eric P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

6