UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL, *a California non-profit corporation*, <br><br> Plaintiff, <br><br> v. <br><br> MEYER KOMAR, <br><br> Defendant. | No. 1:19-cv-00708-DAD-EPG <br><br> ORDER DENYING DEFENDANT'S MOTION TO DISMISS <br><br> (Doc. No. 29) |

This matter is before the court on defendant Meyer Komar's motion to dismiss. (Doc. No. 29.) The court reviewed the relevant briefing and deemed the matter suitable for decision on the papers pursuant to Local Rule 230(g). (Doc. No. 35.) For the reasons set forth below, the court denies defendant's motion.

**BACKGROUND**

On May 20, 2019, plaintiff Project Sentinel filed this action, alleging various claims arising from alleged housing discrimination against defendants Meyer Komar, Jeanette Komar, and Sarah Komar ("the Komars"). (Doc. No. 1)

The complaint states that Project Sentinel, a non-profit fair housing organization, launched an investigation into the Komars' rental practices after receiving a complaint of race discrimination from one of the Komars' neighbors. (*Id.* at 3.) The investigation consisted of four

1

testers calling the phone number listed on the "For Rent" sign posted outside of the Komars' rental property. (*Id.* at 3–5.) Two of the testers were white and two were Black, all of whom had racially-identifiable characteristics. (*Id.*) According to Project Sentinel, the Komars "simply refus[ed] to take or respond to phone calls from home-seekers believed to be Black," while "consistently return[ing] phone calls from white callers," even though "white callers and Black callers left messages mere minutes apart[.]" (*Id.* at 5.)

After defendants Jeanette Komar and Sarah Komar failed to respond to the complaint, the clerk entered default against them on September 24, 2019. (Doc. No. 16.) Meyer Komar is the sole remaining defendant (the "defendant") in this action. On December 30, 2019, he moved to dismiss the case. (Doc. No. 29.) Plaintiff filed its opposition on January 21, 2020; defendant did not file a reply. (Doc. No. 31.)

**LEGAL STANDARDS**

**A.     Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory*." Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). However, the court need not accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988 (citations omitted). Neither must the court "assume the truth of legal conclusions cast in the form of factual

allegations." *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008) (citation omitted).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is also inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

In his three-page motion to dismiss under Federal Rule of Civil Procedure 12(b), defendant categorically denies plaintiff's claims, asserts his factual innocence, and accuses plaintiff of bias by relying on "paid persons to write reports that were designed to incriminate the defendant[.]" (*See* Doc. No. 29 at 2.)

**A.      Defendant's Motion to Dismiss Is Untimely**

As plaintiff points out in its opposition, defendant's motion to dismiss is untimely. (Doc. No. 31 at 5.) Any motion brought under Rule 12(b) "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). Here, defendant moved to dismiss on December 30, 2019, nearly five months *after* he filed an answer on August 8, 2019. (*See* Doc. Nos. 8, 29.) His motion is therefore untimely under Rule 12(b). *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

/////
/////
/////
/////
/////

**B.      Defendant Presents No Basis for the Court to Grant Judgment on the Pleadings**

Even if the court were to treat the pending motion as one for judgment on the pleadings,[1] *see id.*, it still fails for lack of legal merit.  The pending motion merely contains a blanket denial of plaintiff's claims and an allegation that plaintiff is biased.  (Doc. No. 29 at 2.)  These arguments miss the purpose of a Rule 12(c) motion, which is to test the legal sufficiency of a complaint and requires the court to take plaintiff's allegations as true.  *See Navarro*, 250 F.3d at 732; *Marshall Naify Revocable Tr.*, 672 F.3d at 623.

Though defendant has not challenged whether any of plaintiff's claims are adequately pled or legally sufficient, the court has nonetheless taken the extra step of preliminarily reviewing the complaint and concludes that plaintiff has alleged cognizable legal theories of housing discrimination and sufficient facts to make its claims facially plausible.  Accordingly, defendant's motion under Rule 12(b), or alternatively, Rule 12(c), must be denied.

**C.      Defendant's Conduct in the Litigation and His *Pro Se* Status**

The court also strongly suggests that defendant retain counsel if he wishes to continue litigating this case.  Not only have two of the defendants defaulted in this action (*see* Doc. No. 16), but the assigned magistrate judge has also noted that moving defendant Meyer Komar "has already demonstrated an unwillingness to follow Court orders and abide by his legal obligations in this case."  (Doc. No. 23 at 5.)  Likewise, by submitting the instant motion to dismiss, which was both untimely and devoid of legal merit, defendant veers dangerously close to violating Rule 11(b)'s requirement that parties only submit motions that have a reasonable basis in law or fact.  *See* Fed. R. Civ. P. 11(b).  The court cautions defendant Meyer Komar that "[p]ro se litigants

---

[1] Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Thus, the same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought pursuant to Rule 12(c).  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (citation omitted).

must follow the same rules of procedure that govern other litigants", *Lee v. Rosen Music Studio*, 776 F. App'x 435, 437 (9th Cir. 2019) (citation omitted),[2] and that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (citation omitted). Any future failure to adhere to the court's orders or the federal or local rules could result in the imposition of sanctions, up to and including the entry of judgment against defendant.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Doc. No. 29) is denied.

IT IS SO ORDERED.

Dated:   **June 2, 2020**                           /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

5