UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MEYER KOMAR; JEANETTE KOMAR;<br>and SARAH KOMAR,<br><br>　　　　　　　Defendants. | Case No. 19-CV-00708 DAD-EPG<br><br>ORDER GRANTING MOTION TO COMPEL AND AWARDING EXPENSES TO PLAINTIFF UNDER FED. R. CIV. P. 37(a)(5)<br><br>(ECF No. 46) |

　　　　Before the Court is Plaintiff Project Sentinel's motion to compel. (ECF No. 46.) In the motion, Plaintiff seeks to compel further responses from defendant Meyer Komar ("Mr. Komar" or "Defendant") to Plaintiff's first set of interrogatories and first request for production of documents. Plaintiff also requests that Mr. Komar be ordered to pay Plaintiff's attorneys' fees and costs incurred in bringing the motion to compel. Finally, Plaintiff requests that the Court enter an order precluding Mr. Komar from using undisclosed evidence and warning Mr. Komar that his ongoing refusal to comply with discovery rules and the Court's orders may lead to entry of default against him. (*Id.* at 2.)  Neither Mr. Komar, nor the other defendants, have filed an opposition to the motion.

　　　　The Court will grant the unopposed motion and will award Plaintiff reasonable expenses incurred in bringing the motion.

# I. BACKGROUND

Plaintiff initiated this action alleging housing discrimination on account of race on May 20, 2019, with the filing of a complaint. (ECF No. 1.) The complaint brings claims against Meyer Komar, Jeanette Komar, and Sarah Komar, for violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12927 *et seq.*; negligence; unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, and violation of 42 U.S.C. § 1981. (*Id.*) The only defendant to file an answer as of the date of this order is Meyer Komar ("Mr. Komar" or "Defendant"). Default was entered against the remaining defendants, Jeanette Komar and Sarah Komar, on September 24, 2019. (ECF No. 16.)

As detailed below, Mr. Komar has repeatedly failed to comply with the Court's orders and his obligations under the Federal Rules of Civil Procedure.

**A.  Initial Scheduling Conference**

On May 21, 2019, the Court issued its Order Setting Mandatory Scheduling Conference. (ECF No. 3-1.) This order informed the parties that attendance at the scheduling conference was mandatory, and set the scheduling conference for September 10, 2019, at 10:00 a.m. (*Id.*) The order also required all parties to participate in the preparation of, and to execute, a joint scheduling report. (*Id.*)

Prior to the scheduling conference, Plaintiff's counsel and Mr. Komar conferred and Mr. Komar participated in the drafting of the joint scheduling report. (See ECF No. 10.) However, Mr. Komar failed to execute that report. (*See id.*) Mr. Komar also failed to appear at the September 10, 2019, initial scheduling conference. (*See* ECF No. 11.)

On September 11, 2019, the Court entered an order to show cause ("OSC") requiring Mr. Komar to show cause for his failure to appear at the mandatory scheduling conference. (ECF No. 12.) Mr. Komar responded to the OSC on September 16, 2019. (ECF No. 13.) In his response, Mr. Komar explained that he had previously informed Plaintiff's counsel that he was innocent of the claims Plaintiff was bringing against him, and that any attempt by Plaintiff to prove he was guilty of discrimination had no merit and could not be proven because there is no

valid evidence supporting Plaintiff's claims and he "did not wish to be subjected to further harassment." (*Id.*) Mr. Komar explained that, for those reasons, he did not appear at the September 10, 2019, scheduling conference. (*Id.*)

In an order entered on October 9, 2019, the Court found that Mr. Komar had failed to provide an adequate justification for his failure to appear at the mandatory initial scheduling conference. (ECF No. 23.) The Court nonetheless declined to impose sanctions at that time and discharged the OSC. (*Id.*) The Court cautioned Mr. Komar "that any further violations of the Court's orders, failures to appear at court hearings, or failures to otherwise comply with Court procedures and rules, will be met with less tolerance and could result in the imposition of sanctions." (*Id.*) The Court also stated as follows:

> [T]his is a troubling beginning to this case. Mr. Komar has already demonstrated an unwillingness to follow Court orders and abide by his legal obligations in this case. His reasons for failing to do so are without merit.
>
> The Court reminds Mr. Komar of his duty to comply with all Court orders, his duty to appear at all conferences and hearings, and his duty to comply with all applicable federal and local rules. The Court cautions Mr. Komar that while the Court is being flexible about his failure to appear at the scheduling conference in violation of the Court's order, and is declining to impose sanctions on Mr. Komar for this violation, any future violations of Court orders, failures to appear at court hearings or conferences, or failures to comply with the Court's procedures and the federal and local rules, will be met with less tolerance and could result in the imposition of sanctions, including the entry of judgment against Mr. Komar and in favor of Plaintiff.

(*Id.*)

On October 30, 2019, the Court issued the Scheduling Order (ECF No. 24) based on the scheduling report that had been submitted by Plaintiff.

**B.    First Informal Discovery Dispute Conference and First Motion to Compel**

On October 2, 2019, Plaintiff filed a motion to compel, seeking to compel Mr. Komar to make his initial disclosures, which were due no later than September 3, 2019.[1] (*See* ECF

---

[1] The parties held their Federal Rule of Civil Procedure 26(f) conference to plan for discovery on August 19, 2019, when Plaintiff called Mr. Komar to discuss the joint scheduling report. (*See* ECF No. 20.)  The parties discussed setting September 3, 2019, a date fifteen days after the conference, as the deadline for initial disclosures, and Plaintiff included that date in the draft joint scheduling reports provided to Mr. Komar. Mr. Komar made other revisions to the draft report but did not change the initial disclosure deadline. Thus, it appears

3

Nos. 10, 18, 20, 24.) Following an informal discovery dispute conference, held on November 15, 2019, the Court ordered Mr. Komar to serve his initial disclosures by December 6, 2019. (ECF No. 28.) The Court also denied Plaintiff's previously filed motion to compel but gave leave to Plaintiff to file a renewed motion to compel regarding initial disclosures if Mr. Komar failed to comply with the Court's order. (*Id.*)

C. **Second Informal Discovery Dispute Conference**

At the request of Plaintiff, the Court set a second informal discovery dispute conference for January 28, 2020, regarding the adequacy of Mr. Komar's responses to Plaintiff's first set of interrogatories and first requests for production, which were served on Mr. Komar by mail on December 12, 2019. (ECF Nos. 34, 48 at 4.)

At the January 28, 2020, informal discovery dispute conference, the Court determined that Mr. Komar's failure to respond to Plaintiff's discovery requests was not justified and directed him to serve his responses. The Court also granted Plaintiff leave to file a motion to compel regarding the issues raised by Plaintiff in its letter brief and as discussed during the conference. (ECF No. 34.)

D. **Mid-Discovery Status Conference**

Following the second informal discovery dispute conference, Mr. Komar continued to indicate an unwillingness to participate in discovery or otherwise proceed with the case. Mr. Komar repeatedly expressed his belief that the case should dismissed, and indicated he was unwilling to proceed with discovery or the case in general because a motion to dismiss was pending.[2] Mr. Komar also represented, through Jeanette Komar, his wife and a co-defendant, that he was suffering from serious health issues. (*See* ECF Nos. 39, 41.)

---

that Mr. Komar agreed to the September 3, 2019, initial disclosure deadline, and the Court incorporated that initial disclosure deadline into the scheduling order. (ECF No. 24.)
   Moreover, even if the parties did not reach an agreement regarding the initial disclosure deadline, initial disclosures were due by September 3, 2019, pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), which provides: "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."
   [2] On December 30, 2019, Mr. Komar filed a motion to dismiss the case (ECF No. 29). The motion was denied on June 3, 2020 (ECF No. 50).

On February 27, 2020, the Court received the first letter from Jeanette Komar indicating that Mr. Komar was suffering from a serious health condition and would not be able to attend the telephonic mid-discovery status conference set for March 24, 2020. (ECF No. 39.) Based on the representation of Jeanette Komar regarding Mr. Komar's health condition, the Court continued the mid-discovery status conference to April 29, 2020, at 10:00 a.m. (ECF No. 40.) The Court reminded the parties that "discovery is ongoing and that the pendency of the motion to dismiss does not relieve either party of their obligations to participate in discovery and respond to discovery requests served on them by the opposing party." (*Id.*)

On April 8, 2020, the Court received a second letter from Jeanette Komar, indicating that Mr. Komar was suffering from a different serious medical condition than had been indicated in the first letter. (ECF No. 41; *see* ECF No. 39.) The Court declined to again continue the telephonic mid-discovery status conference and reminded Mr. Komar that the previously set dates in the case remain in place. (ECF No. 42.) The Court also reminded the parties of their obligation to file a joint status report a week prior to the April 29, 2020, telephonic mid-discovery status conference. (*See* ECF Nos. 40, 42.)

On April 22, 2020, Plaintiff filed a joint status report. (ECF No. 43.) In this report, Plaintiff explained that Plaintiff's counsel had diligently attempted by both phone and email to obtain Mr. Komar's participation in the drafting of the report, but that Mr. Komar had not responded. (*Id.*) Plaintiff also set forth the status of various discovery requests it had propounded on Mr. Komar and the status of Mr. Komar's responses, many of which Plaintiff deemed to be inadequate. (*Id.*)

The Court held the telephonic mid-discovery status conference on April 29, 2020, at 10:00 a.m., as scheduled. Plaintiff appeared through counsel. Defendant failed to appear. (ECF No. 44, 45.) The Court granted Plaintiff leave to file a motion to compel and to seek sanctions, and also granted an extension of the discovery deadlines. (ECF No. 45.)

E.  **Second Motion to Compel**

On May 15, 2020, Plaintiff filed a second motion to compel, which is now before the Court. (ECF No. 46.) In the motion, Plaintiff seeks an order compelling Mr. Komar to serve

5

further responses to Plaintiff's first set of interrogatories and first request for production of documents; and requiring Mr. Komar to pay Plaintiff's attorneys' fees and costs incurred in connection with the motion to compel. (ECF No. 47.) Plaintiff also seeks to have the Court warn Mr. Komar that failure to abide by the Court's order will result in the exclusion of evidence or entry of default against him.

The Court set a deadline of May 29, 2020, for any response to the motion to compel. (ECF No. 49.) Mr. Komar has not filed a response and the time to do so has passed.

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

A party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). ). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Further, "a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

The party seeking to compel discovery responses must make a threshold showing that the discovery sought is relevant. *See, e.g., Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992). Once relevancy is shown, or if relevancy is plain from

the face of the request, the party who is resisting discovery has the burden to show that discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

### III.  DISCUSSION

**A.  <u>Discovery regarding Defendant's tenants, former tenants, and rental applicants</u>**

Plaintiff moves to compel Mr. Komar to serve a response to Interrogatory 11, and to produce documents in response to Document Production Requests 20, 21, 22, and 23, which seek information about Defendant's African American tenants, former tenants, and rental applicants. (ECF No. 47.)

Plaintiff's Interrogatory 11 requests: "Identify by tenant name, address, and the dates of occupancy, each African American or person of color who has occupied a unit at the subject premises at any time since January 1, 2010." Mr. Komar's response to this request is: "Will not answer that question based on tenant privacy." (ECF No. 47 at 7.)

Plaintiff's Document Request 20 requests:

> A complete copy of all tenant files, including the file covers, as kept in the ordinary course of business, that are or were maintained regarding each tenant or occupant who is African American and has resided at any residential rental property owned in whole or in part by you at any time since January 1, 2010, including a copy of all leases or rental agreements, applications, notices, rent receipts, security deposit refunds, eviction documents, complaints, notes, and communications.

(ECF No. 47 at 7.) Mr. Komar's response to Document Request 20 is: "Will not supply that information due to past and current tenant privacy concern." (*Id.*)

Plaintiff's Document Request 22 requests: "A complete copy of all documents mentioning, referencing, regarding, or pertaining to tenant Michael Baldwin, including but not limited to rental applications, rental agreements, and correspondence." (*Id.*) Defendant's response to this request is: "Same answer as question #20 [Will not supply that information due to past and current tenant privacy concern.]" (*Id.* at 8.)

///

Plaintiff's Document Request 23 requests: "A complete copy of all documents mentioning, referencing, regarding, or pertaining to tenant Gayleenya Miller, including but not limited to rental applications, rental agreements, and correspondence." (*Id.*) Defendant's response to this request is: "Same answer as question #20 [Will not supply that information due to past and current tenant privacy concern.]" (*Id.*)

The Court finds that the documents and information Plaintiff seeks through these discovery requests are relevant, are not privileged, and are proportional to the needs of this case. The right to privacy, asserted by Mr. Komar, does not shield the documents and other information from disclosure to Plaintiff.

To protect confidential information that may be contained in responses to Interrogatory 11 and Documents Requests 20, 21,22, and 23, or any other discovery response, Mr. Komar, as the party from whom the discovery is sought, has the burden of filing a motion for a protective order. *See* Fed. R. Civ. P. 26(c). To obtain a protective order, Mr. Komar must demonstrate that specific prejudice or harm will result if the information is not protected. *See id.*; *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary."). Mr. Komar has not, however, moved for a protective order.

The Court therefore orders Mr. Komar to serve a complete response to Interrogatory 11. Mr. Komar is further ordered to provide a signed verification under penalty of perjury that his response to Interrogatory 11 is complete.

Mr. Komar is also ordered to serve complete responses to Document Requests 20, 21, 22, and 23.

Although the obligation is on Mr. Komar to seek a protective order in connection with these and other discovery responses, to expediate discovery and protect the privacy rights of third parties, the Court directs Plaintiff to maintain the confidentiality of any medical or financial information contained within the responsive documents, including Social Security

numbers, and file a proposed protective order to cover any such information. *See* Fed. R. Civ. P. 26(c).

### B. Discovery Regarding Defendant's Employees and Agents

Plaintiff moves to compel a further response to Interrogatory 4, which requests Mr. Komar to: "Identify by name, last known address and telephone number each employee, agent, relative, tenant, or contractor who has assisted in the rental of any units at the subject premises at any time since January 1, 2010. If you do not have a current address for each person identified, please provide that person's social security number and date of birth so that they may be located." Defendant's response to this interrogatory is: "The property has been exclusively managed by Meyer & Jeanette Komar."

Plaintiff also moves to compel a further response to Document Request 11, which requests Mr. Komar to produce: "Any document that refers to the last known address, telephone number or Social Security number of all past employees and agents, including former real estate salespersons, real estate brokers, property supervisors, managers, assistant managers, and leasing agents, retained or employed by any defendant in connection with the rental of housing, at any time since January 1, 2015, including but not limited to W-2 or 1099 tax forms and mail forwarding requests." Defendant's response to this request is: "Answered in question #10 [Property managed by Meyer & Jeanette Komar – no agents or employees are used]." (ECF No. 47 at 15.)

Plaintiff asserts that Mr. Komar's responses are not complete because someone named "Sarah," who is believed to be the adult daughter of Mr. Komar and a co-defendant in this case, responded to rental inquiries from Plaintiff's fair housing testers as described in Plaintiff's complaint. (ECF No. 47 at 20-21.) Mr. Komar also previously claimed in correspondence with Plaintiff's counsel that he does not know where Sarah Komar currently resides. (ECF No. 48 at 2.)

The Court agrees with Plaintiff that Mr. Komar's responses to these discovery requests appear inadequate. Accordingly, Defendant is directed to supplement his responses to Interrogatory 4 by providing the name and requested information for the person named "Sarah"

who returned the calls to the housing testers, as well as the requested information for anyone else—employee, relative, tenant, or contractor—who assisted in the rental of units since January 1, 2010. Defendant is further ordered to provide a signed verification under penalty of perjury that his response to Interrogatory 4 is accurate and complete.

Defendant is also directed to provide the requested documents in response to Document Request 11 regarding "Sarah," and any other employees, agents, or others who have assisted in the rental of units. For the reasons set forth above, if any sensitive information, Social Security numbers, financial data, or medical information, is included in the production, Plaintiff is directed to maintain it confidentially and file a proposed protective order to cover such information.

**C.     Discovery Regarding Relevant Records within Defendant's Control**

Plaintiff moves to compel production of records in response to Document Requests 9, 27, and 28. Document Request 9 requests: "A complete copy of phone records for the phone number 209-247-5586 [Defendants' rental agent] reflecting calls made or received between March 2017 and August 2017." Mr. Komar's response to this request is: "These records are not kept." (ECF No. 47 at 16.)

Document Request 27 requests: "All documents that you have received from or provided to the Department of Fair Employment and Housing in connection with the complaint filed by Project Sentinel against you in DFEH case No. 201803-01441605." (ECF No. 47 at 16.) Mr. Komar's response to this request is: "Project Sentinel has this information as it was copied to them by HUD."

Document Request 28 requests: "A copy of any and all insurance agreements covering the subject premises during 2017, and correspondence from the insurance company indicating any and all reasons that they are denying coverage for plaintiff's claims." Mr. Komar did not respond to this request. (*Id.*)

Mr. Komar's responses to these discovery requests are inadequate. Under Federal Rule of Civil Procedure 34, a party responding to a request for production of documents must either (1) produce the requested document; (2) indicate that the requested document is not in its

"possession, custody, or control"; or (3) state objections to the request. Fed. R. Civ. P. 34(a)(1), (b)(2)(B). Indicating a responsive document is not currently in the responding party's possession is an inadequate response. The responding party "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (internal quotation marks and citations omitted); *see Lopez v. Florez*, 2013 WL 1151948 at *2 (E.D. Cal. March 19, 2013) ("A responding party has an affirmative duty to reasonably seek information requested under Rule 34(a) from its agents or others under its control.") (citing *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007)). "A party is deemed to have control over documents if he or she has a legal right to obtain them." *Giurbino*, 288 F.R.D. at 485 (citations omitted).

Thus, although Mr. Komar may not himself have responsive documents, he is under an affirmative duty to seek and obtain documents from employees, agents, or others subject to his control. If Mr. Komar or his agent does not presently have, for example, records for the cell phone, he has the obligation to seek to obtain those records from the cell phone carrier.

Defendant must also disclose the information from DFEH case no. 201803-01441605. That Plaintiff may have been copied by a third party with some of this information does not justify Mr. Komar's failure to disclose all information in his possession, custody, or control.

Finally, Defendant gave no reason for failing to respond to the request for insurance information regarding the subject premises.

Mr. Komar is ordered to produce all responsive documents to Document Requests 9, 27, and 28, that are within his possession, custody or control. This includes documents that are in the possession of someone else, such as employees, accountants, or others, from which Mr. Komar has the legal right to obtain the documents.

**D.  Discovery Regarding Defendant's Net Worth**

Plaintiff moves to compel a response to Interrogatory 9, and Documents Requests 15, 16, 17, 18, and 19, all of which seek information or documents concerning Mr. Komar's

financial condition. Specifically, Interrogatory 9 requests: "State your present net worth, listing all assets and liabilities." (ECF No. 47 at 21.) Mr. Komar's response to this request is: "Our net worth is not relevant to this case." (*Id.*)

Document Request 15 seeks: "A copy of any net worth statement prepared by or on behalf of Meyer Komar at any time since January 1, 2010, including but not limited to any loan applications, credit applications, or refinancing applications." (ECF No. 47 at 21.) Mr. Komar's response is: "This request is unrelated to this case as this case applies only to 2200 San Lucas Ct in Modesto, CA." (*Id.*)

Document Request 16 seeks: "A copy of any appraisal, conducted at any time since January 1, 2010, of any business or personal or real property owned by Meyer Komar." (ECF No. 47 at 22.) Mr. Komar's response is: "Same answer as in question #15 [This requested information is unrelated to this case as this case applies only to 2200 San Lucas Ct in Modesto, Ca] – San Lucas Court bldg. value has not been determined." (*Id.*)

Document Request 17 seeks: "A copy of all most recent year-end statements reflecting the account number and balance of any accounts held by Meyer Komar, including savings, checking, annuities, or mutual, stock or bond funds." (*Id.*) Mr. Komar's response is: "Same answer as in question #15 [This requested information is unrelated to this case as this case applies only to 2200 San Lucas Ct in Modesto, Ca]." (*Id.*)

Document Request 18 seeks: "A copy of all most recent year-end statements reflecting the account number and balance of any loans or debts of Meyer Komar, including but not limited to mortgages, vehicle or boat loans, or tax liens." (*Id.*) Mr. Komar's response is: "There are none."

Finally, Document Request 19 seeks: "A copy of schedule C to your most recent IRS income tax return, as filed by Meyer Komar." (*Id.*) Mr. Komar's response is: "Unrelated to case which is limited to San Lucas Ct." (*Id.*)

Discovery of documents and information concerning Mr. Komar's net worth is relevant, is not privileged, and is proportional to the needs of this case. The Fair Housing Act authorizes an award of punitive damages, 42 U.S.C. § 3613 (c), and a defendant's net worth is

relevant to the amount of punitive damages. *See City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 270 (1981); *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 932 (8th Cir. 1999); *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009). The Court therefore overrules Mr. Komar's objections to these discovery requests.

Mr. Komar is ordered to respond to Interrogatory 9 and Document Requests 15, 16, 17, 18, and 19. As set forth above, Plaintiff is directed to maintain Mr. Komar's financial and any other private information included in the production confidentially and to file a proposed protective order to cover such information.

### E. Discovery Regarding Defendant's Rental Operations

Plaintiff moves to compel further responses to Interrogatory 7 and Interrogatory 16, which relate to Defendants' rental operations.

Interrogatory 7 requests Mr. Komar: "Identify by address and number of units each residential rental property owned in part or in full by any defendant at any time since January 1, 2010." (ECF No. 47 at 25.) Mr. Komar's response is: "Answered in question #6 [Property has been owned by Meyer & Jeanette Komar.]" (*Id.*)

Interrogatory 16 requests Mr. Komar: "Describe the steps or procedures that you have followed to fill a vacancy at the subject premises between 2015 and the present, including when and how you advertise vacancies, who responds to phone inquiries regarding vacancies, who shows the unit to prospective tenants, and who screens or selects tenants to fill a vacancy." (*Id.*) Mr. Komar's response is: "There were no vacancies during that period."

The information sought by Plaintiff through Interrogatories 7 and 16 is relevant, is not privileged, and is proportional to the needs of this case. *See Na'im v. Sophie's Arms Fine Residences, LLC*, 2014 WL 3537807 at *4 (S.D. Cal. 2014) (In a housing discrimination case, "information regarding other residential rental properties owned by Defendants is relevant and reasonably calculated to lead to the discovery of admissible evidence.").

Further, Mr. Komar's responses appear to be inaccurate or incomplete based on evidence Plaintiff represents it gathered investigating this case and other responses to discovery provided by Mr. Komar indicating that there was a vacancy in around May or June

2017, and that Defendants own more than one rental property. Accordingly, Mr. Komar is ordered to provide supplemental responses to Interrogatory 7 and Interrogatory 16. Mr. Komar is further ordered to provide a signed verification under penalty of perjury that he has provided complete and accurate responses to these interrogatories.

### F. Discovery Regarding Defendant's Contentions

Plaintiff moves to compel Mr. Komar to produce "all documents that constitute, describe, reflect, record, mention, comment upon or otherwise support or rebut your denial of the allegations made in the complaint in this matter," as requested in Document Request 29.[3] (ECF No. 47 at 24.) Mr. Komar's response is: "There is absolutely no reason for this case to have been filed or begin as the alleged acts of discrimination never occurred—the case should be dismissed as there was no crime committed." (*Id.*)

Mr. Komar's response is evasive and non-responsive as it states only his belief that the case has no merit. Further, the information Plaintiff seeks through Document Request 29 is relevant, is non-privileged documents, and is proportional to the needs of the case. Documents that support a party's contentions are not only the proper topic of a discovery request, such documents are also required to be automatically disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

Mr. Komar is ordered to either produce documents responsive to Document Request 29 or admit that no such documents exist. Even if discovery and investigation is ongoing, Mr. Komar is obligated to produce all documents currently in his possession, custody, or control, and supplement later as required by Federal Rule of Civil Procedure 26(e).

### G. Award of Expenses and Imposition of Sanctions Under Rule 37

Plaintiff also seeks sanctions under Federal Rule of Civil Procedure 37, which provides for sanctions against parties who fail to comply with disclosure requirements, oppose meritorious motions to compel, or disobey discovery orders.

---

[3] As Plaintiff explained in its motion to compel, this request was the final request in Plaintiff's first set of requests but was not numbered. Plaintiff has designated the request as Document Request 29 for purposes of this motion. (ECF No. 47 at 19 n.3.)

1. *<u>Reasonable Expenses, Including Attorneys' Fees under Rule 37(a)(5)(A)</u>*

Plaintiff seeks an award of reasonable expenses, including attorneys' fees, incurred in bringing the motion to compel.

Under Rule 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, the Court is granting Plaintiff's motion to compel. Mr. Komar was provided an opportunity to be heard by filing an opposition to Plaintiff's motion but failed to take advantage of that opportunity.

The record in this case demonstrates that Plaintiff attempted in good faith to obtain the discovery from Mr. Komar without court action, and there is no information before the Court indicating that Mr. Komar's nondisclosures, responses, or objections were substantially justified or that there are other circumstances making an award of expenses unjust. While the Court recognizes that Mr. Komar may be dealing with health issues, the record in this case demonstrates that he has engaged in a pattern of conduct that includes repeated refusals to comply with the Court's orders and his obligations under the Federal Rules of Civil Procedure.

The court finds that an award to Plaintiff of reasonable expenses, including attorneys' fees, incurred in bringing the motion to compel is warranted here. Within fourteen days, Plaintiff shall file a notice providing a summary of its attorneys' fees and costs incurred in bringing its motion to compel, including time spent seeking compliance from Mr. Komar, participating in the informal discovery conference, and preparing the motion to compel and

///

///

supporting documents. Within thirty days of service[4] of Plaintiff's notice summarizing its attorneys' fees and costs, Mr. Komar must pay Plaintiff the attorneys' fees and costs as set forth in the notice. Alternatively, within fourteen days of service of such notice, Mr. Komar may file an objection to the amount claimed by Plaintiff. Mr. Komar shall also file a statement certifying that he has complied with his obligation to pay Plaintiff's attorneys' fees and costs within three days of making such payment. If Mr. Komar fails to fully comply with these requirements, the Court will issue a recommendation that default be entered against him.

### 2. *Sanctions under Federal Rule of Civil Procedure 37(c)(1)*

Plaintiff also requests that the Court issue an order excluding any evidence (including witnesses, information, and documents) from use in motions, hearings, and trial, that should have been but was not included in Rule 26(a) disclosures, or that was responsive to discovery requests but was not disclosed.

Under Rule 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[5]

---

[4] Under Federal Rule of Civil Procedure 5(b)(2)(C), if service on Defendant is made by mail to Defendant's last known address, "service is complete upon mailing."

[5] Rule 37(b)(2)(A)(i)-(iv) provides:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)    striking pleadings in whole or in part;
>
> (iv)    staying further proceedings until the order is obeyed;
>
> . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv).

16

Fed. R. Civ. P. 37(c)(1) (footnoted added).

Thus, the failure to disclose relevant witnesses or information may lead to a range of sanctions, including the exclusion of withheld evidence and claims and rendering default judgment against the non-disclosing party. *See, e.g., Benjamin v. B & H Educ., Inc.,* 877 F.3d 1139, 1150 (9th Cir. 2017) (a party who fails to disclose relevant information or witnesses is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, "unless the failure was substantially justified or is harmless"). Any evidence that should have been included in Rule 26(a) disclosures or was responsive to discovery requests—including witnesses, information, and documents—that Mr. Komar fails to timely disclose may accordingly be excluded from use in any motions, hearings, and trial.

The Court declines to make any rulings at this time regarding the potential exclusion of undisclosed evidence. Questions of admissibility at trial and in dispositive motions will be before the District Judge. However, in light of the lengthy history of Mr. Komar's non-compliance with the Court's orders and deadlines, repeated failures to abide by the Federal Rules of Civil Procedure, and limited cooperation during discovery, the Court warns Mr. Komar that anything less than full compliance with this order may result in the imposition of additional sanctions, including having his answer stricken, and entry of default and judgment against him.

### IV.  CONCLUSION

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 46) is GRANTED as follows:

1. Defendant Meyer Komar shall serve Plaintiff with further responses to Plaintiff's First Set of Interrogatories, Interrogatories 4, 7, 9, 11, and 16, accompanied by a verification signed under penalty of perjury, within thirty (30) days of the date of this order.

2. Defendant Meyer Komar shall conduct a diligent search and produce all documents in his possession, custody or control in response to Plaintiff's First Request for

1  Production of Documents, Request numbers 9, 11, 15-19, 20-23, 27, and 28, with
2  such production within thirty (30) days of the date of this order.
3     3. **<u>Defendant Meyer Komar is cautioned that anything less than full compliance</u>**
4        **<u>with this order may result in the imposition of additional sanctions, including the</u>**
5        **<u>exclusion of evidence, having his answer stricken, and entry of default and</u>**
6        **<u>judgment against him.</u>**
7     4. The Court awards Plaintiff reasonable attorneys' fees and costs incurred in bringing
8        the motion to compel, with such costs and fees to be paid by Defendant Meyer
9        Komar.
10       a. Within fourteen (14) days of the date of this order, Plaintiff shall file a notice
11          summarizing its attorneys' fees and costs.
12       b. Within thirty (30) days of service of Plaintiff's notice summarizing its
13          attorneys' fees and costs, Mr. Komar shall pay Plaintiff the attorneys' fees and
14          costs as set forth in the notice. Alternatively, within fourteen (14) days of
15          service of such notice, Defendant may file an objection to the amount claimed
16          by Plaintiff.
17       c. Defendant shall also file a statement certifying that he has complied with his
18          obligation to pay Plaintiff's attorneys' fees and costs as ordered by the Court,
19          with such statement to be filed within three (3) days of making such payment.
20       d. **<u>If Defendant fails to fully comply with these requirements, the Court will</u>**
21          **<u>issue a recommendation that default judgment be entered against him.</u>**
22
23 IT IS SO ORDERED.
24    Dated:   **July 6, 2020**                /s/ Erica P. Grosjean
25                                               UNITED STATES MAGISTRATE JUDGE
26
27
28