1

2

3

4

5

6               **UNITED STATES DISTRICT COURT**

7              **EASTERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| 9  **PROJECT SENTINEL, a California non-profit corporation,** | **Case No. 19-CV-00708 DAD-EPG** |
| 10 | **PROTECTIVE ORDER** |
| 11          **Plaintiff,** | |
| 12          **v.** | |
| 13 **MEYER KOMAR; JEANETTE KOMAR; and SARAH KOMAR,** | |
| 14 | |
| 15          **Defendants.** | |
| 16 | |

17          Plaintiff, Project Sentinel, filed this fair housing case against Defendants Meyer Komar,

18  Jeanette Komar, and Sarah Komar on May 20, 2019. (ECF No. 1.) Defendant Meyer Komar,

19  proceeding *pro se*, filed an answer to the complaint on August 8, 2019. (ECF No. 8.) The other two

20  defendants, Jeanette Komar and Sarah Komar, did not file an answer and default has been entered

21  against them. (ECF No. 16.)

22          On May 15, 2020, Plaintiff filed a motion to compel, seeking to compel Meyer Komar to

23  provide further responses to Plaintiff's discovery requests. (ECF No. 46) On July 7, 2020, the Court

24  granted the motion to compel but directed Plaintiff to maintain the confidentiality of any financial

25  or other sensitive information contained in Meyer Komar's discovery responses and to file a

26  proposed protective order to cover such information. (ECF No. 51.)

27          Plaintiff has submitted a proposed protective order as directed by the Court. (ECF No. 55.)

28  Generally, proposed protective orders contain complex and complicated language as they are

written with the assumption that all parties are represented by counsel. Here, as noted, Meyer Komar is proceeding *pro se* without the assistance of counsel. Plaintiff therefore submitted a proposed protective order that is less complex and can be more easily understood by a lay person, such as Meyer Komar. (ECF No. 55.)

The Court finds the proposed protective order to be appropriate. Accordingly,

IT IS HEREBY ORDERED THAT:

1.      As used in this Protective Order, "Confidential Information" means:

a.      Social Security numbers and tax identification numbers;

b.      Private financial information such as W-2s, paystubs, credit history, income amount, tax returns, net worth, bank account statements, and statements from other financial institutions;

c.      Private medical information pertaining to third parties, such as defendant's tenants.

2.      Each of these items is appropriately covered by this protective order pursuant to Rule 26(c)(1) of Federal Rules of Civil Procedure, in order to protect defendant and third-parties from embarrassment and identity fraud that may be caused by public disclosure of this information.

3.      Confidential Information shall be disclosed by the parties only in accordance with the terms of this Protective Order and shall be used solely for the purposes of this action and shall not be used by the parties for any other purpose.

4.      Confidential Information shall not be disclosed by plaintiff or its counsel to anyone other than the Court and its officers, counsel's partners and staff members, Project Sentinel's staff members, experts and investigators retained by any party to assist in this case, and certified court reporters retained for the purpose of depositions. Anyone provided with confidential information shall be advised of, and bound by, the terms of this Protective Order.

5.      In the event that Confidential Information pertaining to a third-party witness has been produced, the parties shall be permitted to show the third-party witness that Confidential Information.

6.      If documents containing Confidential Information are filed with the Court, the filing

party shall redact the Confidential Information. If a party wishes to submit an unredacted document containing Confidential Information for review by the Court, the party must file a motion to file the document under seal pursuant to Local Rule 141.

7.      Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

8.      Nothing in this Protective Order shall affect the admissibility of any Confidential Information in this action.

9.      Within 30 days after the termination of this action, Plaintiff will destroy all paper copies of Confidential Information produced by defendant. Plaintiff may retain an electronic copy of Confidential Information.

10.      Nothing in this Protective Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action.  Nothing in this Protective Order shall preclude any party from moving the Court for modification of any terms and conditions thereof. Any party may, at any time, move the Court for modification of this Protective Order.

IT IS SO ORDERED.

Dated:   **July 29, 2020**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE