UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEYER KOMAR; JEANETTE KOMAR; and SARAH KOMAR,<br><br>Defendants. | Case No. 19-CV-00708 DAD-EPG<br><br>ORDER RE FEDERAL RULE OF CIVIL PROCEDURE 25(a)<br><br>(ECF No. 59) |

Plaintiff, Project Sentinel, filed this fair housing case against Defendants Meyer Komar, Jeanette Komar, and Sarah Komar on May 20, 2019. (ECF No. 1.) Defendant Meyer Komar, proceeding *pro se*, filed an answer to the complaint on August 8, 2019. (ECF No. 8.) The other two defendants, Jeanette Komar and Sarah Komar, did not file an answer and default has been entered against them. (ECF No. 16.)

On August 6, 2020, the Court held a telephonic status conference to discuss the mental capacity of Meyer Komar and how to proceed in this matter, including whether the Court should appoint a *guardian at litem* for Mr. Komar. (*See* ECF Nos. 54, 57, 58.) This conference was set in response to letters received from Jeanette Komar, defaulted co-defendant and the wife of Mr. Komar, indicating that Mr. Komar was seriously ill and may be mentally incompetent. (*See* ECF Nos. 54, 52.) Jeanette Komar was invited to attend the conference in her capacity as a family member of Mr. Komar to discuss the issue of whether Mr. Komar should be deemed incompetent and whether there are other non-party family members who may be willing to serve as Mr. Komar's

1 *guardian ad litem* in this case going forward. (ECF No. 54.) Neither Mr. Komar, Jeanette Komar,
2 nor any other defendant appeared at the conference. (*See* ECF Nos. 57, 58.)

3     During the conference, the Court and Plaintiff's counsel discussed the appropriate way to
4 proceed in this matter, including whether Plaintiff wished to proceed with the Court's previous
5 order awarding sanctions against Mr. Komar (*see* ECF No. 51), seek further information regarding
6 the information in Jeanette Komar's letter regarding Mr. Komar, or pursue possible appointment of
7 a *guardian ad litem*. The Court granted the parties leave to file, by August 20, 2020, a response
8 regarding the issues discussed during the conference. (*See* ECF No. 58.)

9     On August 20, 2020, Plaintiff filed a response. (ECCF No. 59.) In this response, Plaintiff
10 states that counsel conducted an online search regarding Mr. Komar and located a recent obituary
11 for an individual named Meyer Komar, which was posted by a funeral home. (*Id.*) The date of death
12 is apparently not listed in the obituary. Plaintiff also represents that its counsel has not received any
13 communication from Jeanette Komar or anyone else on behalf of Mr. Komar confirming his death.
14 (*Id.*) Plaintiff indicates that it will proceed on the assumption that Mr. Komar has passed away.

15     Under Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not
16 extinguished, the court may order substitution of the proper party," upon the motion for substitution
17 "by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). If such
18 "motion is not made within 90 days after service of a statement noting the death, the action by or
19 against the decedent must be dismissed." *Id.* If "the right sought to be enforced survives [a party's
20 death] only to or against the remaining parties, the action does not abate, but proceeds in favor of or
21 against the remaining parties. The death should be noted on the record." Fed. R. Civ. P. 25(a)(2).
22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

Plaintiff indicates that it is considering how to proceed in this case and that it will file a request for substitution under Rule 25(a) or other appropriate relief as soon as possible and within the 90-day time limit of Rule 25(a)(1). IT IS ORDERED that Plaintiff is directed to do so.

IT IS SO ORDERED.

Dated: __**August 24, 2020**__                    /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE