UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEYER KOMAR, JEANNETTE KOMAR, and SARAH KOMAR,<br><br>Defendants. | No. 1:19-cv-00708-DAD-EPG<br><br>ORDER DISMISSING DEFENDANT MEYER KOMAR WITHOUT PREJUDICE<br><br>(Doc. Nos. 65, 66, 67) |

This matter is before the court on plaintiff Project Sentinel's motion to dismiss claims brought against defendant Meyer Komar, who plaintiff believes to be deceased. (Doc. Nos. 65, 66, 67.) Plaintiff moves for an order both dismissing the pending action against defendant Meyer Komar without prejudice and prohibiting defendant Meyer Komar, any later-identified successor-in-interest, or the other defendants in this action from receiving an award of costs or attorney's fees based on this dismissal. (Doc. Nos. 65 at 1; 66 at 3.) Plaintiff intends to proceed in this action with its claims brought against defendants Jeannette Komar and Sarah Komar. (Doc. No. 66 at 3.)

Plaintiff filed the pending motion on December 18, 2020. (Doc. No. 65.) No response to the motion has been filed, and the time for doing so has passed.

/////

1

**DISCUSSION**

Plaintiff states it had intended to continue to proceed in this action against defendant Meyer Komar, after learning he may be deceased, by filing a motion to substitute defendant Meyer Komar with his successor-in-interest pursuant to Federal Rule of Civil Procedure 25. (Doc. Nos. 59 at 2–3; 66 at 1.) Plaintiff asserts that it, however, was unable to determine who that successor-in-interest might be because no probate action was filed in the county where defendant Meyer Komar had resided and that plaintiff was therefore unable to file the motion to substitute during the time period allowed by Rule 25 and the extension of time plaintiff had received for that purpose. (Doc. Nos. 60; 62; 66 at 1.)

Unable to substitute a successor-in-interest, plaintiff now seeks dismissal of defendant Meyer Komar under Federal Rule of Civil Procedure 41. Rule 41 provides that an action may be voluntarily dismissed at a plaintiff's request by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Rule 41 can also be used to dismiss an action as to one defendant although the action may continue against the others. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993). Accordingly, the court will grant plaintiff's request for dismissal without prejudice against defendant Meyer Komar.

Plaintiff also requests that the order prohibit defendant Meyer Komar, any later-identified successor-in-interest, and the other defendants in this action from receiving an award of costs or attorney's fees based on this dismissal because defendant Meyer Komar is not a prevailing party pursuant to Federal Rule of Civil Procedure 54(d). (Doc. Nos. 65 at 1; 66 at 3.) Although neither of the other defendants has objected to this request, the court will not include language regarding a potential award of costs or fees which might later be brought under Rule 54, because Rule 54 applies to an entry of judgment. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956), ("[A] 'judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'")) Neither defendant Meyer Komar, any other successor-in-interest, nor the other defendants to this
/////

action would be able to seek costs or fees as a prevailing party under this Rule because this order is not a final judgment.

## CONCLUSION

Accordingly,

1. This action as to claims brought against defendant Meyer Komar is dismissed without prejudice; and
2. The action will proceed only with respect to the claims brought against *pro se* defendants Jeannette Komar and Sarah Komar.

IT IS SO ORDERED.

Dated:   **January 4, 2021**            /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE