1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PROJECT SENTINEL,                          No.  1:19-cv-00708-DAD-EPG

12              Plaintiff,

13        v.                                      ORDER PERMITTING PLAINTIFF TO
                                                  PROVIDE ADDITIONAL INFORMATION
14    JEANETTE KOMAR and SARAH                    CONCERNING SERVICE OF PROCESS
      KOMAR,
15
                Defendants.
16

17          Pending before the Court is Plaintiff Project Sentinel's ("Plaintiff's") motion for a default

18    judgment against Defendants Jeanette Komar and Sarah Komar ("Defendants"). (ECF No. 68).

19          Before awarding a default judgment against a defendant, a court must determine the

20    adequacy of service of process. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of

21    judgment is sought against a party who has failed to plead or otherwise defend, a district court has

22    an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *cf.*

23    *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo

24    whether default judgment is void because of lack of personal jurisdiction due to insufficient

25    service of process.").

26          On July 2, 2019, Plaintiff filed executed summonses for Defendants and then-defendant

27    Meyer Komar. (ECF Nos. 4-6).[1] The filings indicated that Meyer Komar was served personally at

28    _____
      [1] It appears that Meyer Komar has since passed away. (ECF No. 76). He is no longer a defendant in this action. (*Id.*).

                                                    1

1523 Gary Lane, Modesto, California, 95355, and the process server left additional copies of the relevant documents with Meyer Komar to serve Defendants. (*Id.*). The returned summonses do not state that the documents were subsequently mailed to that or any other address.

Plaintiff argues that this was proper service on Defendants because "Public records show that Defendants Jeanette Komar and Sarah Komar reside at the same residence. (Cristol-Deman Dec. ¶ 16.)" (ECF No. 69 at 7-8). That paragraph in Plaintiff's counsel's declaration states:

> Deeds recorded in Stanislaus County also showed that Meyer and Jeanette Komar own a single-family house located at 1523 Gary Lane in Modesto as "Meyer Komar and Jeanette M. Komar, husband and wife as joint tenants." The process server we hired located Meyer Komar at that address and served him with the summons and complaint on June 24, 2019. The process server also served Jeanette Komar and Sarah Komar by substituted service on Meyer Komar.

(ECF No. 71 at 5). Counsel attached a copy of that deed as Exhibit 4 to her declaration, and it shows that Meyer and Jeanette Komar owned that property. (ECF No. 71-4 at 3). Thus, the cited paragraph provides sufficient public records showing that Meyer Komar and Jeanette Komar lived at the address. But the records do not show that Sarah Komar lived there.

Plaintiff appears to rely on service pursuant to Federal Rule 4(e)(2)(B). (*See* ECF No. 71 at 10) (counsel declaring she gave Jeanette Komar "an explanation of substituted service under Rule 4(e)(2)(B)"). That rule permits service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" However, Plaintiff does not attach any such public records.

Accordingly, the Court gives Plaintiff leave to supplement her motion to include public records indicating that Sarah Komar's dwelling or usual place of abode was 1523 Gary Lane.

If Plaintiff intends to rely on a different method for proper service, such as substituted service under California Code of Civil Procedure 415.20(b), Plaintiff may explain that as well along with any supporting documents.

///

///

///

///

2

Accordingly, IT IS HEREBY ORDERED that within ten days of the date of service of this order, Plaintiff may file supplemental information regarding service on Sarah Komar.

IT IS SO ORDERED.

Dated:   **March 4, 2021**                          /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE