UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL,<br><br>              Plaintiff,<br><br>    v.<br><br>JEANETTE KOMAR and SARAH KOMAR,<br><br>              Defendants. | No.  1:19-cv-00708-DAD-EPG<br><br>ORDER PERMITTING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION CONCERNING DAMAGES |

      Pending before the Court is Plaintiff Project Sentinel's ("Plaintiff's") motion for a default judgment against Defendants Jeanette Komar and Sarah Komar ("Defendants"). (ECF No. 68).

      In order to receive damages in a default judgment, a plaintiff is required to prove all damages sought in the complaint. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). "[A] default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). A court looks to plaintiff's "declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *United States v. Yermian*, 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016) (internal citations omitted). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.1992).

The Court has begun its review of Plaintiff's claimed damages and there appear to be mathematical errors. For instance, Plaintiff includes this chart to summarize its claimed damages:

| ITEM | AMOUNT |
|---|---|
| Staff Time | $19,530.53 |
| Testing and Investigation Expenses | $1,201.96 |
| Out of Pocket expenses | $110.88 |
| Community outreach activities, including staff time and expenses | $3,681.80 |
| **Total Diversion of Resources Damages** | **$26,212.67** |
| Future testing | $1,800 |
| Future training of defendants/agents | $2,400 |
| Future monitoring of defendants | $2,100 |
| Future community outreach activities | $3,190 |
| **Total Frustration of Mission Damages** | **$9,490** |
| **Grand Total** | **$35,702.67** |

(ECF No. 69 at 18).

However, there appear to be errors in these totals. The diversion of resources subtotal listed is $26,212.67. However, $19,530.53 + $1,201.96 + $110.88 + $3,681.80 = $24,525.17. The grand total also appears to be incorrect.

Some of the individual items also appear to have errors. For instance, Plaintiff seeks $19,530.53 for staff time. (*Id.*). Plaintiff provides the following breakdown for that figure:

| *Staff Member & Title* | *Hourly Market Rate* | *Staff Time (Hours)* | *Total Expense* |
|---|---|---|---|
| Zoha Khalili, Staff Attorney | 275 | 5.2 | $1,430 |
| Evelina Nava, Staff Attorney | 250 | 0.9 | $225 |
| Jennifer Reynolds, Staff Attorney | 225 | 6 | $1,350 |
| Ann Marquart, Executive Director | 325 | 12.9 | $4,192.50 staff time and $93.03 mileage = $4,285.53 |
| Margarita Maiz, Testing Coordinator | 175 | 7.7 | $1,347.50 |
| Cristina Figueroa-Cortes, Fair Housing Director | 350 | 1.4 | $490 |
| Annie Pan, Supervising Attorney | 350 | 3.9 | $3,255 |
| Jessica Tankersley, Litigation Dir. | 375 | 22.3 | $8,362.50 |
| **Total** | | | **$19,530.53** |

(ECF No. 70-2 at 2).

///

2

There are at least two problems with this table. First, with respect to Annie Pan's figure, $350 x 3.9 = $1,365, not $3,255. Second, the total does not equal $19,530.53, whether using $1,365 (amounting to $18,855.53) or $3,255 (amounting to $20,745.53).

Given the detection of these errors, the Court will give Plaintiff the opportunity to recalculate its damages figures, or to explain these calculations in a way that allays the Court's concerns.

Accordingly, IT IS HEREBY ORDERED that within seven days of the date of service of this order, Plaintiff may file revised information concerning damages.

IT IS SO ORDERED.

Dated:   **March 23, 2021**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE