UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL,<br><br>   Plaintiff,<br><br>  v.<br><br>JEANETTE KOMAR and SARAH KOMAR,<br><br>   Defendants. | No. 1:19-cv-00708-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFAULT JUDGMENT IN PART<br><br>(Doc. Nos. 68, 85) |

  Plaintiff Project Sentinel is a non-profit organization proceeding in this fair housing action for alleged racial discrimination in violation of state and federal law. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On December 24, 2020, plaintiff moved for default judgment against defendants Jeanette and Sarah Komar.[1] On April 12, 2021, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a default judgment be granted in part and denied in part. (Doc. No. 85.) Those findings and recommendations were served the parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 41.) On May 11, 2021, after observing that mail to defendants Jeanette

---

[1] Defendant Meyer Komar was dismissed without prejudice after plaintiff learned he may be deceased and plaintiff was unable to identify a successor-in-interest. (Doc. No. 76.)

1

| | |
|---|---|
| 1 | Komar and Sarah Komar was being returned to the court as undeliverable, the undersigned |
| 2 | directed plaintiff's counsel to serve a copy of the pending findings and recommendations (Doc. |
| 3 | No. 85) along with a copy of the May 11, 2021 order itself on defendants Jeanette Komar and |
| 4 | Sarah Komar using their email address of record and using updated or additional email addresses |
| 5 | of which counsel might be aware. (Doc. No. 86.) The court's May 11, 2021 order contained |
| 6 | notice that any objections by defendants Jeanette Komar or Sarah Kumar to the pending findings |
| 7 | and recommendations (Doc. No. 85) were to be filed within fourteen (14) days from the date of |
| 8 | service. (Doc. No. 86 at 2.) On May 12, 2021, plaintiff's counsel filed a notice stating she had |
| 9 | served the documents in question on defendants Jeanette Komar and Sarah Komar at Jeanette |
| 10 | Komar's email address of record and was not aware of any updated or additional email addresses. |
| 11 | (Doc. No. 87.) To date no objections have been filed, and the deadline to do so has passed. |

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on April 12, 2021, (Doc. No. 85), are adopted in full;
2. Plaintiff's motion for a default judgment (Doc. No. 68) is granted in part and denied in part;
3. The Clerk of the Court shall enter a default judgment in favor of plaintiff against Jeanette Komar, for violations of the Fair Housing Act and the Fair Employment and Housing Act;
4. Plaintiff's motion is denied as to Sarah Komar and as to all other causes of action;
5. Plaintiff is awarded $33,812.67 in compensatory damages;
6. Plaintiff is awarded $61,332.16 in attorneys' fees and costs;

/////
/////
/////

7. An injunction shall issue with the following terms:
    a. Jeanette Komar, her agents, employees, and all persons in concert or participation with any of them, is permanently enjoined from discriminating in the rental of dwellings based on any of the characteristics protected by the Fair Housing Act, and the Fair Employment and Housing Act, including the following:
        i. Refusing to rent or sell a dwelling, refusing or failing to provide or offer information about a dwelling, or otherwise making unavailable or denying a dwelling to any person because of race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law;
        ii. Discouraging or encouraging prospective tenants from obtaining information about, viewing, applying to rent, or renting any dwelling, on the basis or race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law;
        iii. Discriminating against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law;
        iv. Misrepresenting the availability of apartments for rent on the basis or race, color, national origin, sex, handicap, familial status or religion, or providing different information about the availability of apartments on the basis of race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of

| | | income or other characteristics protected by law; |
| --- | --- | --- |
| | v. | Withholding information regarding the availability of apartments for rent on the basis of race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law.; |
| | vi. | Taking any action tending to constructively or actually remove or assist in the removal of any tenant from a rental unit on the basis of race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law, including but not limited to refusing to accept tendered rent payments, issuing three-day notices, filing unlawful detainer actions, or initiating any other type of legal or administrative proceeding for alleged non-payment of rent on the basis of race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law; |
| | vii. | Making, printing, publishing, or causing to be made, printed, or published any notice, statement or advertisement with respect to the rental of a dwelling that indicates any preference, limitation or discrimination on the basis of race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law; |
| | viii. | Steering persons seeking housing to particular units on the basis of race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law; |

/////

|   |   |
|---|---|
| 1 | ix. Inquiring into any prospective tenant's race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law; and |
| 5 | x. Employing overly restrictive occupancy limits that have a disparate impact on families with children; |


        ix. Inquiring into any prospective tenant's race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other characteristics protected by law; and

        x. Employing overly restrictive occupancy limits that have a disparate impact on families with children;

    b. For a period of five years, or if sooner, until Jeanette Komar sells all of her rental properties:

        i. Jeanette Komar and all agents who have contact with rental applicants or tenants are required to attend yearly training regarding the fair housing laws with Project Sentinel or another HUD-approved agency;

        ii. Jeanette Komar must provide a copy of the DFEH pamphlet entitled "Fair Housing" (DFEH- H03B) to all current tenants and to all applicants;

        iii. Jeanette Komar must offer alternative forms of communication for rental inquiries besides phone; for example, Jeanette Komar must also include an email address, rental agent location, or an open-house date, or provide at least one method besides a phone number for prospective tenants to inquire about or apply for vacancies.

        iv. In all ads, website listings, or signs regarding rental vacancies, Jeanette Komar must use the fair housing logo or tagline, "Equal Opportunity Housing Provider," or similar words; and

        v. Jeanette Komar must maintain all records of rental inquiries and rental applications, tenant records, and move-out records, and to make such records available to Project Sentinel upon Project Sentinel's request after receiving an allegation of discrimination; and

8. Plaintiff shall show cause in writing why this action should not be dismissed as to defendant Sarah Komar within thirty days of the date of this order; and

9. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **June 4, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE