UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL, a California non-profit corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>JEANETTE KOMAR,<br><br>  Defendant. | No. 1:19-cv-00708-DAD-EPG<br><br>ORDER GRANTING IN PART DENYING IN PART MOTION FOR TO CORRECT DEFAULT JUDGMENT<br><br>(Doc. No. 94) |

This matter is before the court on plaintiff Project Sentinel's motion to correct the default judgment entered in this case on June 4, 2021 (Doc. No. 89). (Doc. No. 94.)

This matter was closed on July 7, 2021 after plaintiff's request for dismissal of former defendant Sarah Komar was granted pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. No. 93.) On that date, all other defendants in this case had previously been dismissed or judgment had been entered against them.[1] (*Id.* at 2.) On July 13, 2021, plaintiff filed a motion to correct the June 4, 2021 default judgment pursuant to Rule 60(a). (Doc. Nos. 94, 95.)

---

[1] On July 6, 2021, plaintiff lodged a proposed default judgment without any explanation as to why this was done or whether any changes were sought to the judgment which had previously been entered by the court on June 4, 2021. (Doc. Nos. 90, 90-1.)

1

**PLAINTIFF'S MOTION TO CORRECT THE JUNE 4, 2021 JUDGMENT**

Plaintiff's motion raises two issues with respect to the June 4, 2021 default judgment: (1) it was incorrectly entered as to both defendants Jeanette and Sarah Komar, when it should have only been entered as to defendant Jeanette Komar, and (2) the text-only docket entry neglected to incorporate the terms of the monetary and injunctive relief that this court had ordered (Doc. No. 88) and would thus render the judgment difficult to enforce. (Doc. Nos. 94, 95.) Plaintiff therefore requests entry of the previously-submitted proposed order (Doc. No. 90-1) that contains the terms the court had previously awarded as well as an award of post-judgment interest pursuant to 28 U.S.C. § 1961. (Doc. No. 95 at 2.)

Federal Rule of Civil Procedure 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(b) also permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Good cause having been shown, the court will enter a corrected judgment in order to correctly reflect the defendant against whom default judgment is to be entered and to incorporate the terms of the relief this court had previously ordered on June 4, 2021 into the default judgment document itself so as to facilitate plaintiff's ability to enforce the judgment.

Plaintiff also seeks to add an award of post-judgment interest pursuant to 28 U.S.C. § 1961, which was not previously sought in its motion for default judgment and thus was not made part of recommended award in either the finding and recommendations[2] or in the terms of

/////

/////

/////

---

[2] Plaintiff also did not object to the findings and recommendations which did not include this term.

the undersigned's final order directing the entry of default judgment.[3] (*Compare id*. at 2 *with* Doc. Nos. 85, 88.) Thus, the court construes this aspect of plaintiff's motion as a request for reconsideration.

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown"

---

[3] The court notes that the proposed order plaintiff has now submitted (Doc. No. 90-1) includes other changes to the relief previously ordered by this court (Doc. No. 88) that were not addressed by plaintiff in its original motion (Doc. No. 68). (*Compare* Doc. No. 88 at 3 ("Jeanette Komar, her agents, employees, and all persons in concert or participation with any of them, **is permanently enjoined from discriminating in the rental of dwellings based on any of the characteristics protected by the Fair Housing Act, and the Fair Employment and Housing Act, including the following**. . .") and Doc. No. 90-1 at 2 ("**Defendant** Jeanette Komar, her agents, employees, and all persons in concert or participation with any of them, is permanently enjoined from **committing the following discriminatory housing practices in violation of the Fair Housing Act and the Fair Employment and Housing Act** . . .") and *compare* Doc. No. 88 at 5 ("For a period of five years, or if sooner, until Jeanette Komar sells all of her rental properties") *with* Doc. No. 90-1 at 4 ("[F]or a period of five years, or **upon the date that Defendant Jeanette Komar** sells all of her **residential** rental properties**, whichever occurs first** . . .")(emphasis added.) The court will not incorporate plaintiff's proposed changes to the June 4, 2021 order in this order given plaintiff's failure to disclose those proposed changes and plaintiff's failure to even address whether reconsideration of the prior order is appropriate in this regard.

previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff again presents no argument as to why this change to the judgment should be made and does not identify any basis under Rule 60 upon which this court should reconsider its prior order.  The court carefully reviewed plaintiff's proposed terms provided along with its motion for default judgment along with all of the additional briefing, but it does not appear plaintiff sought post-judgment interest in its prior briefing.  Plaintiff has not set forth facts or law providing a basis upon which the court could alter its prior decision.  Therefore, plaintiff's motion for reconsideration is denied as to the request to belatedly add post-judgment interest.

Accordingly, plaintiff's motion to correct the judgment is granted in part and denied in part as outlined above.

**CONCLUSION**

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 71) is granted in part and denied in part as outlined above;
2. The court will, by separate order, enter an amended entry of default judgment in favor of plaintiff Project Sentinel against defendant Jeanette Komar, for violations of the Fair Housing Act and the Fair Employment and Housing Act which shall incorporate those terms contained in the court's June 4, 2021 order (Doc. No. 88);
3. The Clerk of the Court is directed to vacate the default judgment entered on June 4, 2021 (Doc. No. 89); and
4. This case is to remain closed.

IT IS SO ORDERED.

Dated: **July 19, 2021**

UNITED STATES DISTRICT JUDGE

4