1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   PROJECT SENTINEL,                          Case No.  1:19-cv-00708-DAD-EPG

12                Plaintiff,                     FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING THAT PLAINTIFF'S
13          v.                                   MOTION FOR ASSIGNMENT ORDER AND
                                                 ORDER RESTRAINING JUDGMENT
14   JEANETTE KOMAR,                             DEBTOR BE DENIED WITHOUT
                                                 PREJUDICE
15                Defendant.
                                                 (ECF No. 101)
16
                                                 FOURTEEN (14) DAY DEADLINE
17

18          This matter is before the Court on Plaintiff Project Sentinel's ("Plaintiff") motion for an

19   assignment order and an order restraining judgment debtor. (ECF No. 101.) The matter was

20   referred to the undersigned pursuant to 28 US.C. § 636 and Local Rule 302. For the following

21   reasons, the Court recommends that the motion be denied.

22          I.      BACKGROUND

23          Plaintiff commenced this action on May 20, 2019, alleging claims against Defendants

24   Jeanette Komar, Sarah Komar, and Meyer Komar for violations of various federal and state laws

25   by engaging in discriminatory housing practices. (ECF No. 1.) On January 4, 2021, Meyer Komar

26   was dismissed with prejudice after Plaintiff learned he may be deceased. (ECF No. 76.)

27          On December 24, 2020, Plaintiff filed a motion for default judgment against Jeanette

28   Komar and Sarah Komar. (ECF No. 68.) On April 12, 2021, the Court entered findings and

                                                 1

recommendations recommending that default judgment be granted as to Jeanette Komar but denied as to Sarah Komar. (ECF No. 85.) District Judge Dale A. Drozd entered an order adopting the findings and recommendations in full on June 4, 2021. (ECF No. 88.) Default judgment was accordingly entered against Jeanette Komar. (ECF No. 89.) On July 6, 2021, Plaintiff voluntarily dismissed its claims against Sarah Komar. (ECF Nos. 91, 93.)

Plaintiff filed a motion to correct the default judgment against Jeanette Komar on July 13, 2021, which District Judge Drozd granted in part and denied in part on July 20, 2021. (ECF Nos. 94, 97.) On July 20, 2021, an amended default judgment was entered against Jeanette Komar, including an award of $33,812.67 in compensatory damages and $61,332.16 in attorneys' fees and costs. (ECF No. 98.) On July 22, 2021, at Plaintiff's request, the Clerk of Court issued an abstract of judgment identifying the total amount of the judgment as $95,144.83. (ECF Nos. 99, 100.)

On December 21, 2021, Plaintiff filed the instant motion for issuance of an assignment order and an order restraining Jeanette Komar. (ECF No. 101.) Specifically, Plaintiff requests an order directing Jeanette Komar "to assign her interest in any and all payments due, or which may become due, under any and all rental agreements for residential real property owned by Komar, at the following two addresses: (1) 1904 Floyd Avenue, Modesto, California (2) 1906 Floyd Avenue, Modesto, California" (the "Floyd Properties").  (ECF No. 101 at 1 (paragraph breaks omitted)). Plaintiff also seeks an order instructing the tenants and any subsequent tenants in the Floyd Properties to deliver their rent payments directly to Plaintiff until the judgment is satisfied. (*Id.* at 2.) Jeanette Komar did not file an opposition or any other response to the motion.

On January 21, 2022, the Court held a hearing on the motion. (ECF No. 107.) At the hearing, the Court discussed concerns regarding the sufficiency of service on Ms. Komar as well as the basis for ordering non-party tenants to pay rents to Plaintiff directly. (ECF No. 108.) Plaintiff was granted leave to file supplemental briefing addressing these issues. (*Id.*) On January 26, 2022, Plaintiff filed an application for a writ of execution, which the Clerk of Court issued on January 27, 2022. (ECF No. 110, 111.) On January 31, 2021, Plaintiff filed its supplemental briefing in support of the motion. (ECF No. 111.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     LEGAL STANDARDS

The execution of final judgments is governed by Federal Rule of Civil Procedure 69, which states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). Thus, post-judgment enforcement proceedings in this court must comply with California law. *Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California,* 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos,* 95 F.3d 848, 850 (9th Cir. 1996).

California allows for an order assigning the judgment debtor's right to payments due from a third person to the judgment creditor. *Gutierrez v. Vantia Properties, LLC,* 2015 WL 164301, at *1 (E.D. Cal. Jan. 13, 2015) (citation omitted). Code of Civil Procedure § 708.510 provides, in relevant part:

> (a) Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all right or part of a right to payment due or to become due, whether or not the right is conditioned in future developments, including but not limited to the following types of payments:
> . . .
> (2) Rents.
> . . .
>
> (b) The notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail.
>
> (c) . . . in determining whether to order an assignment or the amount of an assignment pursuant to subdivision (a), the court may take into consideration all relevant factors, including the following:
> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
> (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.
> (3) The amount remaining due on the money judgment.
> (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

Cal. Code Civ. P. § 708.510(a)-(c). The right to payment may be assigned only to the extent necessary to satisfy the judgment creditor's money judgment. *Id.* at § 708.510(d). Additionally, where part of the payments are exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount. *Id.* at § 708.510(f).

3

"'[D]etailed evidentiary support' is not required under [section] 708.510. But some evidentiary support is still needed; [section] 708.510 refers to a 'payment due or become due,' which suggests some degree of concreteness to the expected payment is required." *Passport Health, Inc. v. Travel med, Inc.,* 2012 WL 1292473, at \*4 (E.D. Cal. Apr. 16, 2012) (quoting *Legal Additions LLC v. Kowalksi,* 2011 WL 3156724, at \*2 (N.D. Cal. July 26, 2011)). "Certainly, there needs to be more than just speculation before the remedy of an assignment can be provided." *Id.*

Additionally, California Code of Civil Procedure § 708.520 permits a judgment creditor to apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned. Cal. Code Civ. P. § 708.520(a). "The court may issue an order pursuant to this section upon a showing of need for the order." *Id.* at § 708.520(b). "the threshold for showing need is 'low.'" *E. Jordan Plastics, Inc. v. Suzhou Xincheng Gardening Material Co.,* 2018 WL 1806699, at \*3 (C.D. Cal. Feb. 13, 2018), *report and recommendation adopted sub nom.* 2018 WL 1806709 (C.D. Cal. Mar. 12, 2018) (quoting *Innovation ventures, LLC v. N2G Distributing, Inc.,* 2014 WL 10384606, at \*3 (C.D. Cal. May 1, 2014)).

### III.   DISCUSSION

As an initial matter, the Court finds that Ms. Komar was served with the motion by mail as required under California Code of Civil Procedure § 708.510(b). Plaintiff's counsel provides a declaration in support of the supplemental briefing explaining that grant deeds, other property records, utility records, and bank records, all identify Ms. Komar's address as the Shady Valley Court address where she was served by mail with the motion. (*See* ECF Nos. 101 at 3, 111 at 4-5.)  In light of this evidence, the Court is satisfied that Plaintiff adequately served Ms. Komar with the motion by mail.

However, the Court finds that Plaintiff has not adequately established that it is entitled to an assignment order directing non-parties to pay rent directly to Plaintiff. Section 708.510 provides that "the court may order **the judgment debtor** to assign" his or her interest in one of the enumerated assets to a judgment creditor. Cal. Code Civ. P. § 708.510(a) (emphasis added). It does not provide authority for the Court to "compel acts by third parties over whom it does not

4

have personal jurisdiction." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.,* 2020 WL 2306531, at *2 (N.D. Cal. May 8, 2020) (quoting *Glob. Money Mgmt. v. Mcdonnold,* 2009 WL 3352574, at *4 (S.D. Cal. Oct. 15, 2009); *see also Cadence Design Sys., Inc. v. Pounce Consulting, Inc.,* 2019 WL 3413476, at *3 (N.D. Cal. July 29, 2019) ("[C]ourts agree that third parties 'may be ordered to deliver or pay over [] property directly to the judgment creditor . . . or to assign rights to payment to the judgment creditor . . . only if [the third parties] . . . are subject to California court's personal jurisdiction.'") (citation omitted); *Revenue Enhancement Consultants, Inc. v. Mantra Films, Inc.,* 2010 WL 11463906, at *1 (C.D. Cal. July 21, 2010) ("The Court may only compel acts by third parties over whom it has personal jurisdiction.").

Here, Plaintiff's supplemental briefing argues that jurisdiction over the third-party tenants of the Floyd Properties is not required before the Court may issue an order assigning the right to collect rent. (ECF No. 111 at 6.) "Indeed, many collection orders obligate third-parties who hold a debtor's property or owe debts to the debtor to tender the property or payment directly to a creditor." (*Id.*)

In support of these arguments, Plaintiff relies on *Weingarten Realty Investors v. Chiang,* 212 Cal.App.4th 163, 167 (2012). In that case, the trial court, relying on section 708.510, assigned the judgment debtor's interest in funds and stocks held by the California State Controller to the judgment creditor, and further ordered the Controller to deliver this property to the judgment creditor. *Weingarten,* 212 Cal.App.4th at 166. However, the judgment creditor did not seek to enforce the portion of the order directing the Controller to turn over the property, and the Court of Appeals therefore did not consider this issue. *Id.* Thus, while the *Weingarten* court held that the trial court had jurisdiction to order the judgment creditor to assign its right to payment from the state to the judgment creditor, it did not reach the question of the court's jurisdiction to require the third party to deliver the property to the judgment creditor. *See id.*

The record is not clear that the Court has jurisdiction over the tenants of the Floyd Properties. In light of the significant jurisdictional concerns at issue, and absent authority to the contrary, the Court declines to recommend that non-parties be ordered to deliver rent payments directly to Plaintiff.

///

Additionally, Plaintiff has failed to submit sufficient evidentiary support for the motion. Plaintiff's motion relies on a declaration from its counsel stating that Ms. Komar is the owner of the Floyd Properties and, based on counsel's research, are the only rental properties Ms. Komar owns. (ECF No. 103 at 2.) Counsel also states that the current tenants are Michael Baldwin and Carolyn Baker, and under the terms of their rental agreements, each tenant makes monthly rent payments to Ms. Komar of $1050.00. (*Id.*)

In *Gutierrez v. Vanta Properties, LLC,* 2015 WL 164301, at *2 (E.D. Cal. Jan. 13, 2015), a judgment creditor sought an order assigning rents due to a judgment debtor pursuant to section 708.510(a) and similarly relied on a declaration from counsel stating that, based on her research, the judgment debtor owned certain properties and was receiving rent from those properties. The court denied the judgment creditor's request, reasoning that "counsel's statement alone is insufficient to show that [the judgment debtor] owns the properties listed in counsel's declaration. Plaintiff must present evidence of such ownership." *Gutierrez,* 2015 WL 165301, at *2. Likewise, the plaintiff had not presented evidence that the listed properties were in fact being rented or leased to third parties, or the amount of such rent or lease payments. *Id*.

As in *Guitierrez,* the only evidence Plaintiff provides of ownership, tenancy, or amounts owed are its counsel's statements. However, Plaintiff's counsel does not describe the basis for her conclusions or attach any documents or other evidence in support of her declaration. Further, counsel's statements alone are insufficient to meet the requirement that Plaintiff provide evidentiary support for its request. Thus, the Court will recommend that Plaintiff's request for an assignment order under section 708.510 be denied without prejudice.

As the Court is recommending denial of the assignment order, and in light of the Court's finding that Plaintiff has not submitted adequate evidence of Ms. Komar's interest in and right to payment of rents from the Floyd Properties, the Court will also recommend that the request for an order restraining judgment debtor be denied without prejudice. *See Garden City Boxing Club Inc. v. Briano,* 2007 WL 4463264, at *2 (E.D. Cal. Dec. 17, 2007) (denying request for a restraining order where the court also denied request for an assignment order under section 708.510).

///

///

1

### IV.    CONCLUSION AND RECOMMENDATION

2

3       For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion for

4   an assignment order and an order restraining judgment debtor (ECF No. 101) be DENIED

    without prejudice.

5

6       These findings and recommendations will be submitted to the United States District Judge

    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen

7   (14) days after being served with these findings and recommendations, the parties may file

8   written objections with the Court. The document should be captioned "Objections to Magistrate

9   Judge's Findings and Recommendations." The parties are advised that failure to file objections

10  within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772

11  F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

12  IT IS SO ORDERED.

13

14  Dated:   __April 18, 2022__                  _/s/ Erica P. Grosjean_

                                                  UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28