1
2
3
4
5
6
7
8
9
10                       UNITED STATES DISTRICT COURT
11                       EASTERN DISTRICT OF CALIFORNIA
12

13   PROJECT SENTINEL,                    Case No.  1:19-cv-00708-ADA-EPG

14                   Plaintiff,           FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING THAT PLAINTIFF'S
15          v.                            RENEWED MOTION FOR ASSIGNMENT
                                          ORDER AND ORDER RESTRAINING
16   JEANETTE KOMAR,                      DEBTOR BE GRANTED

17                   Defendant.           (ECF No. 115).

18                                        OBJECTIONS, IF ANY, DUE IN FOURTEEN
19                                        (14) DAYS

20
21

22          Plaintiff Project Sentinel ("Plaintiff") is a judgment creditor, having previously obtained a

23   default judgment award against Defendant Jeanette Komar ("Ms. Komar"). Before the Court is

24   Plaintiff's renewed motion for an assignment order and an order restraining judgment debtor.

25   (ECF No. 115). The matter was referred to the undersigned pursuant to 28 US.C. § 636 and Local

26   Rule 302. For the following reasons, the Court will recommend that the motion be granted.

27   //

28

                                                1

## I.      BACKGROUND

The Court refers to its prior findings and recommendations for a more complete background of this case. (*See* ECF No. 112, p. 1-2).

On July 20, 2021, an amended default judgment was entered against Ms. Komar, including an award of $33,812.67 in compensatory damages and $61,332.16 in attorneys' fees and costs. (ECF No. 98). On July 22, 2021, at Plaintiff's request, the Clerk of Court issued an abstract of judgment identifying the total amount of the judgment as $95,144.83. (ECF Nos. 99 & 100). On December 21, 2021, Plaintiff filed a motion for an assignment order and an order restraining Ms. Komar. (ECF No. 101).[1]

On April 18, 2022, this Court issued findings and recommendations recommending that Plaintiff Project Sentinel's ("Plaintiff") motion for an assignment order and an order restraining judgment debtor be denied without prejudice. (ECF No. 112). Specifically, Plaintiff sought an order directing judgment debtor Ms. Komar,

> [T]o assign her interest in any and all payments due, or which may become due, under any and all rental agreements for residential real property owned by Komar, at the following two addresses: (1) 1904 Floyd Avenue, Modesto, California (2) 1906 Floyd Avenue, Modesto, California" (the "Floyd Properties").

(ECF No. 101 at 1) (paragraph breaks omitted). Plaintiff also sought an order directing the tenants and any subsequent tenants of the Floyd Properties to deliver their rent payments directly to Plaintiff until the judgment is satisfied. (*Id*. at 2). Further, Plaintiff requested an order "restraining Komar and any of her agents, employees, attorneys, and/or any person(s) acting in concert and participating with her, from encumbering, assigning, disposing of, transferring, and/or spending payments due, or to become due, and all rights to payments thereunder." (*Id.*)

The Court declined to recommend granting Plaintiff an assignment order in light of a concern that the Court lacked jurisdiction to order the third-party tenants to directly pay Plaintiff the rent due to Ms. Komar. (ECF No. 112, p. 4). As explained in the Court's analysis, the Court may not "compel acts by third parties over whom it does not have personal jurisdiction." (*Id.* at 4). Plaintiff's first motion relied on *Weingarten Realty Inv'rs v. Chiang*, 212 Cal.App.4th 163, 167 (2012), as support for the proposition that jurisdiction over the third-party tenants of the

---

[1] Ms. Komar did not file an opposition or any other response to Plaintiff's motion. (ECF No. 112 at 2).

Floyd Properties was not required for the Court to issue an order assigning Plaintiff the right to collect rent from those tenants. (*Id.* at 5). The Court's analysis of *Weingarten* did not find support for Plaintiff's argument:

> In that case, the trial court, relying on section 708.510, assigned the judgment debtor's interest in funds and stocks held by the California State Controller to the judgment creditor, and further ordered the Controller to deliver this property to the judgment creditor. However, the judgment creditor did not seek to enforce the portion of the order directing the Controller to turn over the property, and the Court of Appeals therefore did not consider this issue. Thus, while the Weingarten court held that the trial court had jurisdiction to order the judgment [debtor] to assign its right to payment from the state to the judgment creditor, it did not reach the question of the court's jurisdiction to require the third party to deliver the property to the judgment creditor.

(*Id.*) (internal citations omitted). Further, the Court questioned the sufficiency of evidence of Ms. Komar's ownership of the subject property. (*Id.* at 6). The Court also recommended that Plaintiff's request for an order restraining judgment debtor be denied without prejudice. (*Id.*)

On September 12, 2022, District Judge Ana de Alba issued an order adopting in full the Court's findings and recommendations, denying the motion without prejudice. (ECF No. 119).

## II.     SUMMARY OF PLAINTIFF'S RENEWED MOTION

As the judgment remained unsatisfied, on May 16, 2022, Plaintiff filed the instant renewed motion, which intends to address the deficiencies identified in the Court's findings and recommendations. (ECF No. 115). Plaintiff also filed a second supplemental declaration by Plaintiff's counsel with attached exhibits. (ECF No. 116). The motion was taken under submission without oral argument. (ECF No. 117). Ms. Komar did not file an opposition or any other response to Plaintiff's renewed motion.

First, Plaintiff argues there is substantial authority granting the Court jurisdiction to issue an order directly assigning to Plaintiff the right to interests owed to Ms. Komar that would have the effect of requiring third-party tenants to deliver rent payments directly to Plaintiff in order to satisfy the judgment. (ECF No. 115, p. 6- 8). Plaintiff clarifies that it seeks the issuance of an order directly assigning Ms. Komar's rights and interests in any and all payments due, or which may become due, under any and all rental agreements from the Floyd Properties to Plaintiff. (*Id.* at 1, 8). As Plaintiff explains,

[A]fter Project Sentinel serves the two tenants with the assignment order, the

tenants must pay their monthly rent to Project Sentinel rather than Komar until the judgment is satisfied. If they fail to make the payments, Project Sentinel would have the right to bring an action against them.

(*Id.* at 8). The Floyd properties at issue in Plaintiff's motion are a duplex with two tenants. (*Id.* at 2). As described further below, Plaintiff presents evidence that these tenants pay rent pursuant to the terms of their rental agreements to Ms. Komar. (*Id.*) According to Plaintiff, many courts have held that when a court has "jurisdiction over the debtor's property interests that were in the possession of third-parties" then "the court could assign the debtor's right to collect that property directly to the creditor." (*Id.* at 7).

Second, Plaintiff's motion submits that Plaintiff's counsel's second supplemental declaration (ECF No. 117), along with Plaintiff's prior supplemental briefing and supporting declaration (ECF Nos. 111, 111-1, 111-2), set forth adequate evidence that Ms. Komar is the sole owner of the property at issue, and thus, entitled to any rents from the property. (ECF No. 115, p. 8-11). Plaintiff obtained public records from the Stanislaus County Recorder of a grant deed recorded on August 28, 2020, to Ms. Komar of real property listed at 1904 Floyd Avenue, Modesto, CA. (ECF No. 111-2, p. 19). Plaintiff's counsel conducted searches on May 16, 2022, through the County Recorder index and the County Assessor's record to determine that Ms. Komar remains the owner of 1904 Floyd Avenue. (ECF No. 116, p. 2; ECF No. 116-1, p. 2-5). Further, Plaintiff's counsel conducted similar searches as to other properties associated with Ms. Komar that demonstrate that the Floyd Avenue property is the only rental property currently owned by Ms. Komar. (ECF No. 116, p. 3; ECF No. 116-3, p. 2-3; ECF No. 116-4, p. 2-7). Plaintiff also obtained public information from the County Assessor that identifies 1904 Floyd Avenue as a duplex. (ECF No. 116-2, p. 2-3). Plaintiff's counsel's second declaration includes a screenshot taken from Google Earth that shows that 1904 Floyd Avenue and 1906 Floyd Avenue are in fact two connected dwellings. (ECF No. 116, p. 2). Because Plaintiff has presented evidence that "Komar has the assignable right to receive rents from these rental properties," Plaintiff argues that its motion should be granted. (ECF No. 115, p. 5).

As for supporting evidence of the rents owed by third-party tenants to Ms. Komar from the Floyd property, Plaintiff's counsel's declaration outlines communications made with the current tenants of 1904 Floyd Avenue and 1906 Floyd Avenue. (ECF No. 116 at 3-6). While each

4

tenant provided Plaintiff with a past lease agreement (ECF No. 116-6 at 2-11), neither tenant has provided Plaintiff with a current lease agreement. (ECF No. 116 at 4-5). Plaintiff's counsel's declaration states that on May 1, 2022, the 1904 Floyd Avenue tenant represented to counsel in an email that they paid a monthly rent of $1,100.00 to Ms. Komar. (*Id.* at 4). Further, before the instant motion was filed, the 1906 Floyd Avenue tenant represented to counsel over the phone that they paid a monthly rent of $1,050 (to be increased on May 1, 2022) to Ms. Komar. (*Id*. at 4-5). Plaintiff argues that because it has provided the "best and most recent records available to it" of the rents owed to Ms. Komar, there is sufficient evidentiary support "showing the amounts owed or due in the future, and from what sources . . . for the purposes of an assignment order." (*Id.* at 10).

Finally, Plaintiff renews its request for an order restraining Ms. Komar from "assigning or otherwise disposing of the right to payments sought to be assigned" pursuant to California Code of Civil Procedure § 718.520(b). (ECF No. 115 at 11) (quotation marks omitted). Because Ms. Komar has failed to make voluntary payments within a reasonable time after judgement and has, through the course of litigation, demonstrated an intent to evade paying the judgment by selling two rental properties, the Court should issue a restraining order to protect Plaintiff's right to collect the judgment. (*Id.* at 11-12).

### III.    LEGAL STANDARDS

The execution of final judgments is governed by Federal Rule of Civil Procedure 69, which states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). Thus, post-judgment enforcement proceedings in this court must comply with California law. *Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California,* 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos,* 95 F.3d 848, 850 (9th Cir. 1996).

California allows for an order assigning the judgment debtor's right to payments due from a third person to the judgment creditor. *Gutierrez v. Vantia Properties, LLC,* 2015 WL 164301, at *1 (E.D. Cal. Jan. 13, 2015) (citation omitted).  California Code of Civil Procedure § 708.510 provides, in relevant part:

1

2

3

    (a) Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all right or part of a right to payment due or to become due, whether or not the right is conditioned in future developments, including but not limited to the following types of payments:

               . . .

4

    (2) Rents.

               . . .

5

6

    (b) The notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail.

7

8

9

10

11

12

    (c) . . . in determining whether to order an assignment or the amount of an assignment pursuant to subdivision (a), the court may take into consideration all relevant factors, including the following:
        (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
        (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.
        (3) The amount remaining due on the money judgment.
        (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

13

14

15

16

Cal. Code Civ. P. § 708.510(a)-(c). The right to payment may be assigned only to the extent necessary to satisfy the judgment creditor's money judgment. *Id.* at § 708.510(d). Additionally, where part of the payments are exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount. *Id.* at § 708.510(f).

17

18

19

20

21

22

    "'[D]etailed evidentiary support' is not required under [section] 708.510. But some evidentiary support is still needed; [section] 708.510 refers to a 'payment due or become due,' which suggests some degree of concreteness to the expected payment is required." *Passport Health, Inc. v. Travel Med, Inc.,* 2012 WL 1292473, at *4 (E.D. Cal. Apr. 16, 2012) (quoting *Legal Additions LLC v. Kowalksi,* 2011 WL 3156724, at *2 (N.D. Cal. Jul. 26, 2011)). "Certainly, there needs to be more than just speculation before the remedy of an assignment can be provided." *Id.*

23

24

25

26

27

    California Code of Civil Procedure § 708.530 provides that, "[f]or the purpose of priority, an assignee of a right to payment pursuant to this article shall be deemed to be a bona fide assignee for value under the terms of Section 955.1 of the Code." Cal. Code Civ. P. § 708.530(a). Further, "[a]n assignment of the right to future rent. . .is recordable as an instrument affecting real property and the priority of such an assignment is governed by Section 1214 of the Civil Code."

28

*Id.* As for persons obligated to make payments to the judgment debtor, "[t]he rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor." Cal. Code Civ. P. § 708.540.

Additionally, California Code of Civil Procedure § 708.520 permits a judgment creditor to apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned. Cal. Code Civ. P. § 708.520(a). "The court may issue an order pursuant to this section upon a showing of need for the order." *Id.* at § 708.520(b). "The threshold for showing need is 'low.'" *SKAZZI3 Capital Ltd. v. Pathway Genomics Corp.*, 2019 WL 7172162, at *3 (S.D. Cal. Sec. 20, 2019) (quoting *Innovation Ventures, LLC v. N2G Distributing, Inc.,* 2014 WL 10384606, at *6-7 (C.D. Cal. May 1, 2014)). Any order restraining a judgment debtor must be personally served upon the judgment debtor and must contain notice to the judgment debtor that "the failure to comply with the order may subject the judgment debtor to being held in contempt of court." Cal. Code. Civ. P. § 708.520(d).

## IV.    ANALYSIS

Upon review of the cases cited by Plaintiff and other evidentiary support, the Court recommends finding that the Court may directly assign Plaintiff as judgment creditor the rights and interests owed to Defendant Komar as judgment debtor.

Thus, the Court will recommend granting Plaintiff's request for an assignment order that would directly assign Ms. Komar's rights and interests to the rents and payments generated by the Floyd Properties to Plaintiff. Further, because Plaintiff has demonstrated that such an order is necessary, the Court will recommend granting Plaintiff's request for an order restraining Ms. Komar from assigning or otherwise disposing of the rights and interests to payments sought to be assigned.

### A. *Plaintiff's request for an assignment order*

As an initial matter, the Court considers whether Plaintiff has satisfied the facial requirements of California Civil Code of Procedure § 708.510. As in the Court's previous findings and recommendations, the Court finds that Ms. Komar was adequately served with the motion by mail as required under California Code of Civil Procedure § 708.510(b). Plaintiff's renewed motion was served on Ms. Komar at the same Shady Valley Court address as Plaintiff's

1   prior motion. (*See* ECF Nos.  115 at 14, 112 at 4).

2         Additionally, the relevant factors described in California Code of Civil Procedure §

3   708.510(c) favor the issuance of an assignment order. Ms. Komar has not presented any evidence

4   of her reasonable requirements or those supported by her, nor evidence of any payments she is

5   required to make or that are deducted in satisfaction of other judgments and wage assignments.

6         Further, Plaintiff has provided evidence demonstrating the amount remaining due on the

7   judgment is $95,144.83, and that Plaintiff expects to receive an estimated $2,150.00 in monthly

8   rents as assigned. Plaintiff has also provided significant evidence demonstrating Ms. Komar's

9   right and interest to collect monthly rents from the Floyd Properties. Based on that evidence, the

10  Court finds that Plaintiff has satisfied the requirements of California Civil Code of Procedure §

11  708.510.

12        The Court now turns to whether the Court may issue an order directly assigning to a

13  judgment creditor the rights and interests to rent owed to a judgment debtor. Plaintiff cites to

14  several cases that support such a finding. (ECF No. 115 at 7-8). *See E. Jordan Plastics, Inc.*

15  *Suzhou Xincheng Gardening Material Co., Ltd.*, 2018 WL 1806699, at *2 (C.D. Cal. Feb. 13,

16  2018) ("[T]he assignment order contemplated by Section 708.510 includes a court order that

17  assigns a right to payment outright (not simply an order directing the judgment debtor to do so).")

18  (citations omitted); *Mentor Capital, Inc. v. Bhang Chocolate Co., Inc., et al.*, 2017 WL 3335767,

19  at *3 (N.D. Cal. Aug. 4, 2017) ("The court could order [the debtor] to assign to [the creditor]

20  property right sufficient to pay the judgment. Alternatively, under California law, it seems clear

21  that the court could itself directly assign [the debtor's] property rights to [the creditor] up to the

22  amount that is owed under the judgment.") (citations and quotation marks omitted); *Innovation*

23  *Ventures, LLC*, 2014 WL 10384606, at * 4 (directly assigning judgment creditor the right to

24  payments owed by third parties to judgment debtor) (quoting *Garden City Boxing Club, Inc. v.*

25  *Briano*, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 13, 2007) ("[W]here a judgment creditor can

26  identify a person or entity which is obligated to make a payment to the judgment debtor, and

27  where that right to payment is assignable, the right to payment can be assigned from a third party

28  obligor to the judgment creditor.")).

//

8

The cases cited by Plaintiff ultimately rely on *In re Advanced Biomedical, Inc.*, 547 B.R. 337 (Bankr. E.D. Cal. 2016). In that case, the Eastern District bankruptcy court upheld the validity of a state court assignment order that directly assigned receivables held by the judgment debtor to a judgment creditor (the plaintiff before the bankruptcy court). *In re Advanced Biomedical, Inc.*, 547 B.R. at 340-343. The bankruptcy court conducted a thorough analysis of *Weingarten*, the case which Plaintiff relied upon in its prior motion. *Id.* In *Weingarten*, the California Court of Appeal reviewed an order directly assigning the judgment debtor's right to file a claim regarding property escheated to the state to the judgment creditor rather than ordering the judgment debtor to transfer such right to the judgment creditor. *Id.* at 341. As the bankruptcy court reasoned, because the "Court of Appeal saw no defect in a section 708.510 order directly transferring [the *Weingarten* judgment debtor's rights] to [the *Weingarten* judgment creditor] (and, indeed, *deeming* the order to so provide), so this Court sees no defect in the Assignment Order's provision transferring title to the Assigned Receivable to [*In re Advanced Biomedical, Inc.'s* plaintiff]." *Id.* at 342. The bankruptcy court summarized the holding in *Weingarten*, stating that, "[i]n this case, the correct analogy to the right to file a claim in *Weingarten Realty Investors* is title to the Assigned Receivables, not to the cash that ultimately will be paid over by the receivable's obligor in satisfaction of the receivable." *Id.* Further, the bankruptcy court clarified that "[n]othing in the Assignment Order purports to impact the rights of any person or entity obligated to pay." *Id.*

The Court's prior findings and recommendations cited to a case in which the Southern District court appeared to require that the judgment debtor assign rights of collection to a judgment creditor. *See Global Money Mgmt. v. McDonald*, 2009 WL 3352574, at *4 (S.D. Cal. Oct. 15, 2009). However, the judgment creditor in *Global Money Mgmt.* did not request the court to directly assign the rights and interests to collect payments owed to the judgment debtor to the judgment creditor. *See Global. Money Mgmt.* at *2-4. Rather, the judgment creditor sought an order that would "directly require nonresident third parties to perform certain acts" (namely, pay the judgment creditor money directly). *Id.* at *4.

Accordingly, the Court finds that it has the authority to issue an order that directly assigns Ms. Komar's rights to rents or any payments due from the Floyd Properties to Plaintiff.

The Court now turns to whether there is adequate evidence of Ms. Komar's rights and interests in the Floyd Properties. Plaintiff has provided several public records demonstrating that Ms. Komar possesses title to the Floyd Properties. Additionally, Plaintiff has provided evidence of past rental agreements between certain named tenants at those properties and Ms. Komar that indicate that Plaintiff has a right and interest in payments made by tenants residing at the Floyd Properties. The Court finds that Plaintiff has provided sufficient evidence of Ms. Komar's right and interest to collect rent from the Floyd properties.

Thus, the Court recommends that Plaintiff's request for an order directly assigning Ms. Komar's rights and interests to the rents and payments generated by the Floyd Properties to Plaintiff be granted to the extent necessary to satisfy the judgment against Ms. Komar.

### B. Plaintiff's request for an order restraining judgement debtor

The Court also finds that Plaintiff has met the low threshold showing required for an order restraining judgment debtor. An amended default judgment against Ms. Komar was entered on July 20, 2021, and since that time, Ms. Komar has failed to make voluntary payments. Additionally, Ms. Komar has sold two properties during the course of this litigation. Further, Ms. Komar has defied past court orders to produce rental agreements between herself and third party tenants. *See Innovation Ventures, LLC*, 2014 WL 10384606, at * 7 (restraining order warranted because judgment debtor failed to make voluntary payments and evidence suggested debtor "may attempt to assign or otherwise dispose of the rights to the payments at issue in the absence of a restraining order."). For those reasons, the Court recommends that Plaintiff's request for an order restraining judgment debtor be granted.

### V.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that,

1. Plaintiff's request for an assignment order (ECF No. 115) be granted to the extent that such an order directly assigns to Plaintiff the rights and interests of judgment debtor, Jeanette Komar, to any rents or payments due or which may become due, under any and all rental agreements, for residential property owned by Jeanette Komar at the following two addresses: (1) 1904 Floyd Avenue, Modesto, California (2) 1906 Floyd Avenue, Modesto, California.

2.  Pursuant to California Code of Civil Procedure § 708.540, Plaintiff is directed to serve a copy of any final order assigning such rights and interests upon the individuals residing at the Floyd Properties.

3.  Plaintiff's request for an order restraining judgment debtor, Jeanette Komar, be granted, and that Jeanette Komar be restrained from assigning or otherwise disposing of her rights and interests in the rents or payments due, or which may become due, under any and all rental agreements for residential property owned by Jeanette Komar at the following two addresses: (1) 1904 Floyd Avenue, Modesto, California (2) 1906 Floyd Avenue, Modesto, California.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 30, 2022**          /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE